REMINGTON-RAND INC. *et al.* v. EMORY UNIVERSITY.

HUTCHESON, Justice. 1. While as a general rule the right to claim the benefit of the statute of limitations is one personal to the debtor, it may also be claimed by the transferee of the debtor when it is sought to subject the property transferred to him to the payment of the debt. *Pendley* v. *Powers,* 129 *Ga.* 69, 71 (58 S. E. 653); *Dawson* v. *Callaway,* 18 *Ga.* 573; *Krauss* v. *National Bank of Brunswick,* 184 *Ga.* 456 (192 S. E. 12). Accordingly, in a suit in equity against an alleged fraudulent grantee, seeking to set aside the alleged fraudulent transfer and to subject the property to the payment of the debts, to which suit the debtor has not been made a party, the alleged fraudulent grantee, being a privy in estate to the debtor grantor, may claim the benefit of the statute of limitations against the debts represented by open accounts. Cf. 27 C. J. 475, § 118.

2. There is a substantial difference in the right of the alleged fraudulent grantee, and trustee ex maleficio, to plead the statute of limitations against the debt itself, and his right to plead the statute as against an action to set aside the fraudulent conveyance where the debt is not barred; and while in the latter instance the statute of limitations has no application (*Gormley* v. *Wilson,* 176 *Ga.* 711 (4), 168 S. E. 568; *Wylly* v. *Collins,* 9 *Ga.* 223, 242; *Strickland* v. *Jones,* 131 *Ga.* 409, 62 S. E. 322), yet, where the debt is barred, equity will not proceed to make the vain and empty gesture of setting the conveyance aside, or of attempting to subject the property to such barred debt. The right to equitable relief in such instances is dependent upon the right to enforce the debt. *Spinks* v. *LaGrange,* 160 *Ga.* 705, 711 (129 S. E. 31).

3. Upon application of the above rulings to the allegations of the petition in the instant case, which on its face shows that the debts evidenced by open accounts are barred by the statute of limitations (Code, § 3-705, 3-706), the court did not err in sustaining a demurrer interposed on such ground. See *Sheldon* v. *Emory University,* 184 *Ga.* 440 (191 S. E. 497). *Judgment affirmed. All the Justices concur.*

No. 12032. JANUARY 12, 1938. ADHERED TO ON REHEARING, MARCH 17, 1938.

*Walter S. Dillon,* for plaintiff.
*Tye, Thomson & Tye,* for defendant.