RIGDON *v.* BARFIELD *et al.*

78

No. 14129.　May 27, 1942.

80

*Robert R. Forrester* and *Robley D. Smith,* for plaintiff.

*Watts Powell* and *E. F. Strozier,* for defendants.

GRICE, Justice. ■ On application of the rulings announced in the first three headnotes, the petition as originally drawn presented no cause of action. Did the amendment setting up that the actual date of the .deed was January 5, 1929, and praying for its reformation, save it? The petition as amended is met by a demurrer which invokes the doctrine of laches, and insists that by reason thereof the complainant is not entitled to the relief prayed

for. Eleven years, nine months, and three days elapsed between the time the deed is alleged to have been actually executed and delivered and the date of the filing of the suit. Who, if any one, was in possession of the land does not appear. While the amendment alleges that "recently, within the last ninety days, it has been discovered by your petitioner that said tract of land contained only 862.83 acres of land, the same showing a shortage of 108.17 acres," this has no reference to the time when he discovered that the deed which he seeks to reform contained a mutual mistake. As to when that was discovered the record is silent. The petition as amended does not negative the idea that the complainant knew of the alleged mistake from its very date. No excuse is given for the plaintiff's long delay. The petition charges the defendants with no conduct the effect of which was to debar or deter the plaintiff from sooner bringing suit. It was incumbent on him, in order to repel the presumption of unreasonable delay, to allege in his petition what impediments, if any, there were to an earlier appeal to the courts for redress. In *Aken* v. *Bullard,* 134 *Ga.* 665 (68 S. E. 482), there was a delay of a little more than nine years. This court held that the laches of the plaintiff in that case was so palpable from the petition that its dismissal on demurrer was proper. See *DeLaigle* v. *Denham,* 65 *Ga.* 482, 491, where a wait for a little less than ten years was held sufficient to close the door of equity to a complainant. Also *James* v. *Hill,* 140 *Ga.* 739 (79 S. E. 782), and *Spence* v. *Queen,* 139 *Ga.* 587 (77 S. E. 820). The instant case is distinguished from *Kelly* v. *Hamilton,* 135 *Ga.* 505 (69 S. E. 724), where this court held that under the peculiar facts alleged, an equitable bar would not attach on account of laches, although thirty years intervened between the date of the execution of the deed and discovery of the mistake. In that case the complainants promptly after the discovery of the mistake filed the suit to reform the deed.

■ We need not inquire whether it could be declared as a matter of law that the alleged shortage in acreage was not so gross as to justify the suspicion of wilful deception, or mistake, or fraud, so as to give the complainant a right to sue for the value of the difference under the Code, § 29-201. On this subject see *Estes* v. *Odom,* 91 *Ga.* 600 (18 S. E. 355) ; *Perkins Manufacturing Co.* v. *Williams,* 98 *Ga.* 388 (25 S. E. 556).

■

Let us first consider whether the bar of the statute was tolled by the averment that "recently within the last 90 days it has been discovered by your petitioner that said tract of land contained only 862.83 acres of land, the same showing a shortage of 108.17 acres." "If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." Code, § 3-807. This contains no broad statement that the period of limitation shall run only from the discovery of the fraud, but that it shall do so if the defendant shall have been guilty of a fraud *by which* the plaintiff shall have been debarred or deterred from his action. *Printup* v. *Alexander,* 69 *Ga.* 553; *Anderson* v. *Foster,* 112 *Ga.* 270 (37 S. E. 426). No fiduciary relationship existed between the parties. No conduct of the grantor is alleged that lulled the grantee to sleep. No reason is asserted why the fraud was not earlier known to the grantee, or why he could not have promptly ascertained the facts. So far as appears, he made no effort during eleven yars and more to find out how much land was actually included in the deed. Under these circumstances, the bar of the statute *is not tolled* merely because he was in ignorance of the facts until about ninety days before the suit was brought. A person can not thus sit quietly by for a length of time exceeding that named in the statute of limitations, and avoid its operation and save his cause of action by the mere allegation that he made the discovery only within the last ninety days. The law exacts from him a reason for his delay, that it may judge of its soundness. Silence on this subject is fatal, when the statute is pleaded as here. *Marler* v. *Simmons,* 81 *Ga.* 611 (8 S. E. 190); *Crawford* v. *Crawford,* 134 *Ga.* 114, 121 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932). The conclusion is that the bar of the statute is unaffected by complainant's reference to time of the discovery of the shortage.

That part of the plaintiff's suit which seeks damages sounds in tort. It is for fraud and deceit. The act of 1767 (Cobb's Dig. 562) made no reference to injuries either to the person or to property. It created a bar of four years "for actions upon the case," and this was a class of actions in which at common-law relief might be had for damages resulting from fraud and deceit. Bishop's Non-Contract Law, § 343; *Crawford* v. *Crawford,* supra. The chapter in

our present Code on limitation of actions for torts is numbered 3-10. It is declared that all actions for damages to realty shall be brought within four years after the right of action accrues (§ 3-1001); for injuries to personalty in four years (§ 3-1002); and that suits for the recovery of personal property, or for damage or destruction of the same, shall be brought within a like time (§ 3-1003). The next section deals with injuries to the person, and the final section in the chapter is on the subject of disabilities and exceptions. It is possible that the General Assembly intended to fix no limitation for the bringing of actions of the kind now being considered; but the more probable view is that it was the legislative intent to have every action of tort, no matter what its character, covered by what is contained in the chapter. *Crawford* v. *Crawford,* supra, was a case where the suit was for damages arising from fraud and deceit whereby one was induced to accept real property in settlement of a debt much greater in amount than the value of the property. It was held that it was an injury done to property, and not to the person, and that the statute of limitations in reference to injuries to property applied. In the opinion, immediately after discussing the act of 1767, noted above, it was said: "That act was supplanted by the act of the General Assembly approved March 6, 1856 (Acts 1855-6, p. 233), from which latter act the limitations now embodied in the Code were taken. The act of 1856 made no reference to actions upon the case, but, in prescribing therein certain limitations of actions, made the classifications of 'Suits for damages to real estate;' 'Suits for injuries to personal property,' and 'Suits for injuries done to the person,' prescribing a bar of four years for the two former, and of two years for the last named. There is nothing in this act to indicate any intention on the part of the legislature to change the period of limitation of four years which previously applied to actions for fraud and deceit (as being actions upon the case) to one of two years, unless it could be said that such actions could not be classed otherwise than as 'injuries done to the person.'" The conclusion of the court as to the statute of limitations applied to the case then before it was summarized at the end of the second division of the opinion as follows: "We conclude that the plaintiff in the present case had a right to bring his action within four years from the time the statute commences to run against his alleged right of action;

as the damages sued for resulted from an injury to the personal property of the plaintiff, and not from an injury to his person." In view of the foregoing, it is ruled that the plaintiff's action for fraud in the instant case, not having been brought within four years, was barred. It was not erroneous to sustain the demurrer and to dismiss the action.

*Judgment affirmed. All the Justices concur.*

BELL and DUCKWORTH, JJ., concur in the judgment.