## 47609. BOYD MOTORS, INC. v. RADCLIFF.

PANNELL, Judge. The defendant-appellant, a Georgia corporation with its principal office in Terrell County, Georgia, which, on June 11, 1971, operated the Albany Speedway in Dougherty County, Georgia, where the cause of action arose, appeals the denial of its motion for summary judgment.

The appeal alleges error in denying summary judgment, averring (1) the appellant is not subject to the jurisdiction of this court on the grounds of improper venue and the lack of jurisdiction over the defendant-appellant; and (2) this defendant-appellant has not been properly served with process even if this court should find that this appellant is subject to the jurisdiction of the Superior Court of Dougherty County, Georgia.

In *Knight v. U. S. Fidelity &c. Co.*, 123 Ga. App. 833 (1) (182 SE2d 693) this court held: "The defenses enumerated in § 12 (b) of the Civil Practice Act except (6), failure to state a claim upon which relief can be granted, are matters in abatement which are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement. Code Ann. § 81A-112 (b). *Lamax v. Sterling Extruder Corp.*, 109 Ga. App. 92 (135 SE2d 445); Heyward v. Public Housing Adm., 238 F2d 689; 6 Moore's Federal Practice, p. 2034, § 56.02 [3]. The objection to the service of process falls within the category of the defense of insufficiency of service of process under § 12 (b) (5) of the Civil Practice Act. Consequently, the court would not be authorized to grant the motion for summary judgment on this ground."

In the instant case, both grounds alleged on appeal as a basis for the claim to summary judgment are matters in abatement and not matters in bar; and therefore, are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar, but not to matters in abatement. The trial court did not err in denying summary judgment to defendant-appellant.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
ARGUED NOVEMBER 7, 1972 — DECIDED JANUARY 30, 1973.

*Landau, Davis & Farkas, Leonard J. Spooner,* for appellant.
*Anthony May, Burt, Burt & Rentz, H. P. Burt,* for appellee.