### 47877. HEMPHILL v. CON-CHEM, INC.

EBERHARDT, Presiding Judge. H. E. Hemphill brought suit in the Superior Court of Madison County against Con-Chem, Inc., a nonresident having its office and principal place of business in Los Angeles, California. The complaint was apparently served on defendant under the provisions of the "Long Arm Statute" (Ga. L. 1966, p. 343, as amended; Code Ann. § 24-113.1). Defendant filed its "Plea to the Jurisdiction," alleging that it had not transacted any business or committed any other act in Madison County which would give that court jurisdiction over its person.

An affidavit and interrogatories and answers thereto were filed. The trial court considered and ruled upon the plea to the jurisdiction as a motion for summary judgment, taking these papers into consideration. On this basis the court ruled that it had no jurisdiction over defendant, sustained the motion for summary judgment, and dismissed the complaint. *Held:*

The only question which we deem necessary to consider is whether a jurisdictional type motion is within the scope of the summary judgment procedure. "The tenor of Rule 56 indicates that the summary judgment procedure deals with the merits; and that if granted in favor of a claimant it affirmatively adjudges the merits of the claim and if in favor of the defendant the judgment is *in bar* and *not in abatement.* . . . Matter in abatement . . . only results in a dismissal of the action without prejudice; or, if the action is not then dismissed, temporarily stays the prosecution thereof or results in a transfer to another forum. The following illustrate matter in abatement: lack of jurisdiction over the subject matter; lack of jurisdiction over the person; improper venue; insufficiency of process; insufficiency of service of process . . . A dismissal on any one or more of these defenses does not bar a subsequent action in a court of competent jurisdiction . . . The important thing is that a judgment, which is not on the merits, be correctly denominated as one without prejudice . . . In ruling on a motion for summary judgment the court should not resolve any material factual issue." 6 Moore's Federal Practice § 56.03, (Emphasis supplied.)

Hence in *Knight v. U. S. Fidelity &c. Co.,* 123 Ga. App. 833 (1) (182 SE2d 693), where a defendant moved for summary judgment on the ground of insufficiency of service of process, we held: "The defenses enumerated in § 12 (b) of the Civil Practice Act except (6), failure to state a claim upon which relief can be granted, are

matters in abatement that are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement. Code Ann. § 81A-112 (b). *Lamex v. Sterling Extruder Corp.,* 109 Ga. App. 92 (135 SE2d 445); Heyward v. Public Housing Administration, 238 F2d 689; 6 Moore's Federal Practice, p. 2034, § 56.02 [3]. The objection to the service of process falls within the category of the defense of insufficiency of service of process under § 12 (b) (5) of the Civil Practice Act. Consequently, the court would not be authorized to grant the motion for summary judgment on this ground."

More recently, in *Boyd Motors, Inc. v. Radcliffe,* 128 Ga. App. 15 (195 SE2d 291) we held that "both grounds alleged on appeal as a basis for the claim to summary judgment [(1) improper venue and lack of jurisdiction over the person (2) improper service of process] are matters in abatement and not matters in bar; and therefore, are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar, but not to matters in abatement. The trial court did not err in denying summary judgment to defendant-appellant."

We are not unmindful that in *Thompson v. Abbott,* 226 Ga. 353, 355 (174 SE2d 904) it was said that "when a motion to dismiss for lack of jurisdiction is supported by affidavits or other materials which set out matter outside the pleadings, such motion can be considered as a motion for summary judgment." However, that statement was made in regard to a contention that a deposition which was part of the record below and transmitted to the reviewing court could not be considered by the reviewing court since the record did not show that the deposition was admitted into evidence at the evidentiary hearing on the motions to

dismiss. The ruling made by the Supreme Court, both in headnote 1 and in the body of the opinion, p. 355, was that the deposition was on file with the court below, was transmitted to the Supreme Court by the clerk, and was properly before the court for consideration. In that case the lower court did not treat or dispose of the motions to dismiss as on motion for summary judgment, and the actual holding by the Supreme Court was to reverse the trial court's denial of third-party defendants motions to dismiss. For these reasons we do not regard *Thompson* controlling here, since in the instant case the lower court did in fact uphold defendant's jurisdictional challenge on motion for summary judgment.

Under the circumstances here, where the trial court determined on motion for summary judgment a matter not within the scope of the summary judgment procedure, and in doing so resolved factual issues which cannot be done in any event under that procedure, the proper disposition is to reverse the ruling on motion for summary judgment and to remand for appropriate proceedings on defendants' plea to the jurisdiction. Martucci v. Mayer, 210 F2d 259 (CCA 3).

*Judgment reversed and remanded. Pannell and Stolz, JJ., concur.*

ARGUED FEBRUARY 13, 1973 — DECIDED MARCH 2, 1973 — REHEARING DENIED MARCH 22, 1973.

*Hudson & Montgomery, Jim Hudson, David Montgomery,* for appellant.

*Erwin, Epting, Gibson & Chilivis, Eugene A. Epting,* for appellee.