### 48548. LARWIN MORTGAGE INVESTORS v. DELTA EQUITIES, INC.

STOLZ, Judge. Delta Equities, Inc., a Georgia corporation, filed an action on July 11, 1972 in the Civil Court of Fulton County, Georgia, against Larwin Mortgage Investors, a nonresident (California) corporation, for money had and received. Service of the summons and complaint was had on the person allegedly in charge of the defendant's office and place of doing business in Los Angeles County, California on August 4, 1972. By stipulation of counsel, pursuant to Code Ann. § 81A-106 (b) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230), on August 11, 1972, extension

was obtained until August 24, 1972 for the filing of defensive pleadings. On September 1, 1972, the defendant filed a motion to dismiss, raising the defenses of (1) lack of jurisdiction over the person, (2) insufficiency of service of process, and (3) failure to state a claim upon which relief can be granted. On September 5, 1972, the defendant filed an answer which also contained the aforestated three defenses. On November 6, 1972, the defense withdrew its motion to dismiss. On April 19, 1973, the defendant filed a motion for summary judgment on the ground of lack of jurisdiction over its "person" and insufficiency of service of process, supported by two affidavits in support of its contention that it was not, and had not been, transacting business in Georgia so as to be subject to service under Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970, pp. 443, 444), the so-called "Long Arm Statute," under the provisions of which the defendant was apparently served. The defendant appeals from the denial of its motion for summary judgment, which was certified for review. *Held:*

1. "In the instant case, both grounds alleged on appeal as a basis for the claim to summary judgment are matters in abatement and are not matters in bar; and therefore, are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar, but not to matters in abatement. The trial court did not err in denying summary judgment to defendant-appellant." *Boyd Motors v. Radcliff,* 128 Ga. App. 15, 16 (195 SE2d 291); *Hemphill v. Con-Chem,* 128 Ga. App. 590 (195 SE2d 291).

2. Since the trial judge has not yet ruled upon the answer (the motion to dismiss having been withdrawn by the defendant), we review only the sole judgment appealed from (the denial of the summary judgment), without attempting to decide whether the defenses sought to be raised in the motion for summary judgment have been waived under the provisions of Code Ann. § 81A-112 (a, b, h1) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693).

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 5, 1973 — DECIDED OCTOBER 2, 1973.

*Cofer, Beauchamp & Hawes, Peter B. Glass,* for appellant.
*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Jr.,*

for appellee.