## 50595. CHATHAM et al. v. ROYAL-GLOBE INSURANCE COMPANIES et al.

WEBB, Judge.

Louise Peacock brought suit against Hugh Chatham and Mitchell King, individually and d/b/a Chatham & King, alleging that she was damaged by a fire caused by defendants' negligence while they were painting her residence. Defendants filed their third-party complaint against Royal Indemnity Company,[1] alleging that it had refused to defend the action against defendants and was liable over to them for the loss under a policy of

---

[1] Royal Globe Insurance Companies was named, but later dismissed without prejudice, as a third-party defendant.

"comprehensive general liability insurance." In response Royal Indemnity filed its "motions in behalf of the third-party defendant addressed to the third-party com-plaint," paragraph 6 of which was a Section 12 (b) (6) motion (failure to state a claim upon which relief can be granted) (Code Ann. § 81A-112 (b) (6)), moving the court "to dismiss the third-party complaint for failure to state a claim . . . upon which relief can be granted" because "any effort to obtain relief against any insurance company is premature at this time according to the third-party complaint and its exhibits."

Exhibit "C" to the third-party complaint is an incomplete copy of the insurance policy. Condition 5 of the policy, so far as complete in the exhibit, provides as follows: "5. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against . . ."

The remainder of Condition 5, which appears from an exhibit attached to an affidavit of Royal Indemnity's regional claims and loss manager, is as follows: ". . . the insured to determine the insured's liability, *nor shall the company be impleaded* by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder." (Emphasis supplied.)

The trial court, in ruling upon paragraph 6 of Royal Indemnity's motions, considered the exhibit to the af-fidavit so that the complete Condition 5 could be quoted and relied upon in the order. Ground 6 was sustained, and the third-party complaint was ordered dismissed without specifying that it was without prejudice. Defendants

appeal with a certificate for immediate review. *Held:*

"A motion to dismiss under Section 12 (b) (6) of the Civil Practice Act (Code Ann. § 81A-112) for failure to state a claim for which relief may be granted does not raise [dilatory matter or matter in abatement], as such motion goes solely to the merits. This is the reason that the consideration of evidence on such a motion converts it into a motion for summary judgment, as a summary judgment goes to the merits, and why summary judgment is not a proper procedure to raise [dilatory questions] as these questions do not go to the merits." *Williamson v. Perret's Farms, Inc.,* 128 Ga. App. 687, 691 (2) (197 SE2d 754). Accord, *Ogden Equipment Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459); *Dunlap v. Dunlap,* 234 Ga. 304; *Knight v. U. S. F. & G. Co.,* 123 Ga. App. 833, 834 (182 SE2d 693); *Boyd Motors, Inc. v. Radcliff,* 128 Ga. App. 15 (195 SE2d 291); *Hemphill v. Con-Chem, Inc.,* 128 Ga. App. 590 (197 SE2d 457); *Taylor v. Malden Trust Co.,* 129 Ga. App. 330, 331 (2) (199 SE2d 553); *Larwin Mortgage Investors v. Delta Equities,* 129 Ga. App. 769 (1) (201 SE2d 187); *Rainwater v. Vazquez,* 133 Ga. App. 173 (210 SE2d 380); *Watts v. Kegler,* 133 Ga. App. 231, 233 (211 SE2d 177).

Accordingly the trial court erred in considering the motion "in the nature of a general demurrer," as recited in the order. The judgment will be reversed and the case remanded with direction that the trial court consider paragraph 6 of the motion as a dilatory defense only and not on the merits. *Hemphill v. Con-Chem, Inc.,* 128 Ga. App. 590, 593, supra; *Rainwater v. Vazquez,* 133 Ga. App. 173, 174, supra.

*Judgment reversed and remanded with direction. Bell, C. J., and Marshall, J., concur.*

ARGUED MAY 5, 1975 — DECIDED MAY 13, 1975 — REHEARING DENIED JUNE 10, 1975.

*Reeves & Collier, Rex T. Reeves, R. John Boemanns,* for appellants.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr., Andrew J. Hamilton, J. Arthur Lee, Jr.,* for appellees.