## 43777. STATE BAR OF GEORGIA v. BEAZLEY.
(350 SE2d 422)

GREGORY, Justice.

Bobby G. Beazley brought a motion to set aside a 1978 order striking his name from Georgia's roll of attorneys. The trial court granted the motion. We reverse.

On June 22, 1978, Beazley, then a practicing attorney, sent a 34-page document to the State Bar of Georgia. The document detailed what Beazley perceived as corruption in society. Beazley concluded the document by writing he was ". . . resigning from the legal profes-

sion and the practice of law. . . ."

Upon receipt of Beazley's document, the State Bar prepared a "Petition for Voluntary Withdrawal from the Practice of Law in the State of Georgia." With Beazley's document attached, the petition was sent to the Superior Court of Richmond County. The State Bar also contends it sent a copy by regular mail to Beazley, but Beazley denies receiving it.

On June 26, 1978, with no service of process on Beazley and without a hearing, a Richmond County Superior Court judge signed an order striking Beazley's name from Georgia's roll of attorneys. Beazley filed an "extraordinary appeal" from the order with this court on July 3, 1978. The appeal was denied on August 31, 1978.

In 1980, Beazley filed a complaint seeking damages and equitable relief in Fulton County Superior Court. The court granted motions for summary judgment and judgment on the pleadings in favor of the State Bar on October 20, 1980. The judgment was affirmed without opinion by this court on April 30, 1981.

In 1982, a similar suit was filed in the U. S. District Court for the Southern District of Georgia in Brunswick. The State Bar's motion for summary judgment was granted on March 14, 1983. Beazley's appeal to the Fifth Circuit Court of Appeals was unsuccessful.

On January 22, 1984, Beazley filed a motion in Richmond County Superior Court to set aside the June 1978 order as void due to lack of personal and subject matter jurisdiction. The trial court granted the motion and ordered that Beazley be restored to his status as an attorney licensed to practice law in Georgia. The State Bar appeals this decision.

1. The State Bar contends the trial court erred by ruling res judicata was not a bar to Beazley's motion to set aside. We agree.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40. In order for the res judicata doctrine to apply, three prerequisites must be established: (1) identity of parties; (2) identity of the cause of action; and (3) prior adjudication by a court of competent jurisdiction. *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 345 (270 SE2d 883) (1980). Also OCGA § 9-12-42 provides the merits of the case must have been adjudicated for the judgment to be a bar to subsequent action.

In its order granting Beazley's motion to set aside, the trial court found that Beazley had raised the issue of the validity of the June 26, 1978 order in his suits before the Fulton County Superior Court and the U. S. District Court. The trial court concluded res judicata would thus bar Beazley's claims in a subsequent suit against the State Bar

of Georgia.

However, the trial court found res judicata could not apply in this latest suit because of a lack of identity between the parties. The court found that the motion to set aside involved an action styled "In Re Bobby Gay Beazley" in which Beazley was the only party. The court held that "strictly speaking" the State Bar is not a party to this action, and thus not entitled to raise the doctrine of res judicata.

(a) We find the trial court erred in not ruling Beazley's action was barred by the doctrine of res judicata.

In his complaint filed in the U. S. District Court, Beazley raised the issues of subject matter jurisdiction and personal jurisdiction by the Richmond County Superior Court regarding its June 26, 1978 order. The district court granted a motion by the State Bar for summary judgment, concluding that the action was barred by res judicata resulting from the prior litigation in the Fulton County Superior Court.

In *Nat. Heritage Corp. v. Mount Olive Memorial Gardens, Inc.*, 244 Ga. 240, 243 (260 SE2d 1) (1979), this court held that "where an order granting summary judgment in a prior suit is relied upon in final support of a plea of res judicata in a subsequent suit, the court considering the plea of res judicata should examine the underlying basis of the summary judgment. If that summary judgment actually was an adjudication on the merits (a plea in bar, or otherwise on the merits), the plea of res judicata should be sustained. However, if the examination shows that the summary judgment actually was not an adjudication of the merits (a dilatory plea, etc.), the res judicata plea should be denied."

The underlying basis of the U. S. District Court's decision was res judicata. A plea of res judicata is not a dilatory plea, but is in the nature of a plea in bar. *Galloway v. Merrill*, 213 Ga. 633, 634 (100 SE2d 443) (1957). Therefore, the prior adjudication in the district court stands as an adjudication on the merits for the purposes of OCGA §§ 9-12-41 and 9-12-42 and bars this instant action.

(b) We hold the trial court erred in finding the State Bar is not a party to this action capable of injecting the res judicata doctrine.

The term "party" to an action includes all who are directly interested in the subject matter, and who have a right to make defense, control the pleadings, examine and cross-examine witnesses, and appeal from the judgment. *Smith v. Gettinger*, 3 Ga. 140, 142 (1847). See also 67A CJS 639-640, Parties, § 2 (1978). Whether a person is a party to an action must be ascertained exclusively by inspection of the record. See 67A CJS, supra at § 3, p. 641; *Small v. Peacock*, 171 Ga. 475, 476 (155 SE 754) (1930) (Gilbert, J., dissenting).

The trial court stated in its order the State Bar was invited to participate because of its extensive past involvement with the case

and its possession of certain documents and transcripts from previous litigation. From that point, the record discloses the State Bar acted and was treated as a party. It filed an answer, responses to Beazley's motions and motions of its own. It was ordered by rule nisi to appear at a hearing and show cause why Beazley's motion to set aside should not be granted. At the hearing, the State Bar introduced exhibits into evidence. The State Bar filed and proceeded with this appeal.

We therefore hold the State Bar is a party in considering the res judicata effect here of previous litigation between the State Bar and Beazley.

2. Because we find this action is barred by res judicata, we do not reach the issues of subject matter and personal jurisdiction raised in the trial court and presented on this appeal.

*Judgment reversed. Marshall, C. J., Clarke, P. J., Smith, Weltner, and Hunt, JJ., and Chief Judge Harold R. Banke concur. Bell, J., disqualified.*

DECIDED NOVEMBER 25, 1986 —
RECONSIDERATION DENIED DECEMBER 18, 1986.

Reinstatement to Bar. Richmond Superior Court. Before Judge Ridgway from Alcovy Circuit.

*William P. Smith III, General Counsel State Bar,* for appellant.
*Bobby Gay Beazley,* pro se.