A91A0001. WILSON v. TARA FORD, INC. et al.
A91A0002. FICKLING et al. v. WILSON.
(406 SE2d 807)

SOGNIER, Chief Judge.

Merle Wilson, as executor of the estate of Robert Wilson, filed suit on March 27, 1990 against Tara Ford, Inc., William Fickling, Sr., William Fickling, Jr., and the other three directors of Southlake Ford, Inc., alleging, inter alia, breach of fiduciary duty and conspiracy arising out of the March 6, 1985 transfer of assets from Southlake Ford, a corporation in which her decedent owned stock, to Tara Ford, a corporation controlled by the Ficklings. The Ficklings answered and counterclaimed against Wilson, in her capacity as executor of the estate, seeking recoupment of over $200,000 allegedly misappropriated

by Wilson's decedent from Southlake Ford. On cross motions for summary judgment the trial court held that all claims were barred by the statute of limitation. These appeals ensued.

The basic facts are not in dispute. The transfer of the stock in issue occurred on March 6, 1985, and the parties stipulated that the causes of action asserted in Wilson's complaint accrued on that date. Wilson's decedent died on January 6, 1986, and it is agreed that as to claims on behalf of the decedent, the statute of limitation was tolled by the provisions of OCGA § 9-3-92 until January 17, 1986 (11 days later), when Wilson was appointed the legal representative of the decedent's estate. After administering the estate for 24 months, Wilson petitioned the probate court asking to be discharged as executor of the estate. Letters of dismission were issued to Wilson by the probate court on March 7, 1988. In June 1989 Wilson petitioned the probate court to reopen the estate stating she had discovered 28,000 shares of common stock after the estate closed, and seeking to have the estate reopened so that the stock "may be properly endorsed and transferred to the beneficiaries of the estate." That petition was granted on June 6, 1989. As noted above, Wilson filed the instant suit on March 27, 1990 asserting causes of action which the parties stipulate expired in March 1989 unless the statute of limitation on them was tolled.

1. In Case No. A91A0001, Wilson contends the trial court erred by granting the motion for summary judgment made by Tara Ford and the individual defendants (hereinafter referred to collectively as "Tara Ford") because the trial court erroneously interpreted OCGA § 9-3-92 as *not* tolling the running of the statute of limitation during the 15 month period between March 7, 1988, the day the estate closed, and June 6, 1989, the day the estate was reopened, so as to render timely the filing of her complaint.

We affirm. Wilson was dismissed as executor of her decedent's estate pursuant to OCGA § 53-7-145, which required her to file with the probate court "a verified petition for discharge, setting forth that [she] has fully administered the estate and fully executed the will." OCGA § 53-7-145 (b). The grant of Wilson's petition in this case resulted in an adjudication not only that Wilson's administration was completed, but also that nothing remained in the estate to be administered. OCGA § 9-3-92 provides: "The time between the death of a person and the commencement of representation upon his estate or between the termination of one administration and the commencement of another shall not be counted against his estate in calculating any limitation applicable to the bringing of an action, provided that such time shall not exceed five years." An examination of the statutes in Article 6 of Title 53, Chapter 7 (OCGA § 53-7-140 et seq.), which sets forth the procedure by which administrators and executors can be discharged or executors dismissed, reveals that letters of discharge

or dismission are not granted in contemplation of "the commencement of another" administration as referenced in OCGA § 9-3-92, but are granted when no further administration of the estate is required. Accordingly, we agree with the trial court that the language in OCGA § 9-3-92 tolling the running of the statute of limitation "between the termination of one administration and the commencement of another" is not addressed to those estates which have been adjudicated "fully administered," see, e.g., OCGA §§ 53-7-145 (b); 140, but instead applies in situations where one administration has come to an end — is terminated — but the estate has not been fully administered due, e.g., to the death, removal, substitution, or renunciation of the administrator or executor.

Therefore, we find the trial court properly interpreted OCGA § 9-3-92 as not tolling the statute of limitation of Wilson's claim between March 7, 1988 and June 6, 1989.

2. Wilson also contends questions of fact exist whether fraud tolled the running of the statute of limitation under OCGA § 9-3-96, which provides that "[i]f the defendant . . . [is] guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." In her complaint Wilson alleged that the individual defendants wrongfully found Southlake Ford to be insolvent and breached their fiduciary duties by transferring or influencing the transfer of Southlake Ford's assets to Tara Ford. Although Wilson asserts that the asset transfer constituted fraud because the Ficklings, who control Tara Ford, were on Southlake Ford's board, her own complaint reveals that the Ficklings' presence on the Southlake Ford board was a matter of public information and that the Ficklings did not deliberate or vote on the asset transfer. However, appellant does not rely exclusively on this allegation as the fraud which "debarred or deterred" her from bringing her action. See generally *Middleton v. Pruden*, 57 Ga. App. 555 (196 SE 259) (1938). Rather, it appears that the fraud on which Wilson relies for purposes of OCGA § 9-3-96 is the alleged fraudulent concealment of the asset transfer based on the fact that it was accomplished without notice to her or her decedent, and that without such notice due diligence on her part would not have discovered the asset transfer.

" 'To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent.' [Cit.]" *Middleton*, supra at 560. In its answer to Wilson's complaint, Tara Ford responded that no fraudulent concealment of the asset transfer occurred because the sale of Southlake Ford's assets to Tara

Ford was accomplished pursuant to former OCGA § 14-2-230 (a) (3) (A), which was in effect at the time of the 1985 transaction. That statute provided that "[u]nless the articles of incorporation or bylaws otherwise provide, the board of directors may authorize any of the following transactions without any vote or consent of the shareholders: . . . [a]ny sale of all or substantially all the property and assets of the corporation if: . . . [t]he corporation is insolvent and a sale for cash or its equivalent is deemed advisable by the board to meet the liabilities of the corporation." Tara Ford asserted that because Southlake Ford was insolvent at the time of the asset transfer, no notice to Wilson's decedent was required. The record also contains the affidavit of Ed Chapman, Sr., the outside public accountant for Southlake Ford, who averred that based on his audits of Southlake Ford's books, he determined that Southlake Ford owed the Ficklings $849,000 plus interest in March 1985, and that "[a]t all times since February, 1982 through and including March 31, 1985 [Southlake Ford] had a negative net worth and was insolvent in the sense that the corporation would not be able to pay all of its debts as they came due in the usual course of business and the corporation's total assets were less than the sum of its total liabilities." Wilson adduced no evidence regarding Southlake Ford's financial status.

We find no error in the trial court's finding that Tara Ford pierced Wilson's allegation of fraud, and that in response Wilson set forth no evidence to create a genuine issue of material fact that for purposes of OCGA § 9-3-96 fraud existed to toll the running of the statute of limitation. "Concealment per se amounts to actual fraud [for purposes of tolling the statute of limitation under OCGA § 9-3-96] when for any reason one party has a right to expect full communication of the facts from another. [Cit.]" *Comerford v. Hurley*, 154 Ga. App. 387, 388 (268 SE2d 358) (1980). Tara Ford's evidence established that Southlake Ford was legitimately declared insolvent. Hence, the failure of the individual defendants to notify Southlake Ford's shareholders, including Wilson's decedent, of the asset transfer, was not by "trick or artifice" or the result of some fraudulent act, see *Middleton*, supra, but instead was the legal consequence of action taken under the authority of OCGA § 14-2-230 (a) (3) (A) and comported with statutory law.

3. Wilson contends the trial court erred by denying her motion for a continuance under OCGA § 9-11-56 (f) to allow her to complete discovery. " 'We have held "(t)he grant or denial of a continuance is a matter within the discretion of the trial judge and unless clearly abused will not be interfered with. [Cit.] This applies in summary judgment proceedings. [OCGA § 9-11-56 (f)]." [Cit.]' [Cit.]" *Patterson v. Lanham*, 182 Ga. App. 343, 344 (1) (355 SE2d 738) (1987). OCGA § 9-11-56 (f) provides that "[s]hould it appear from the affida-

vits of a party opposing the motion [for summary judgment] that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment, or may order a continuance to permit . . . discovery to be had, or may make such other order as is just." In the affidavit filed by Wilson's attorney, it was averred that Wilson could not present facts essential to justify her opposition to the defendants' motion for summary judgment because the defendants "have not provided documents in response to [Wilson's] requests for production of documents." However, the record also contains the reason the documents had not been produced: the defendants had filed a motion for a protective order more than two weeks before Wilson moved for a continuance. (We note that letters between counsel, which were placed in the record by Wilson, reveal that Wilson was allowed full access to Southlake Ford's records.) Other than a brief urging the trial court to deny the motion for a protective order, the record fails to reflect any action by Wilson to obtain or expedite a ruling on that motion.

It thus appears that rather than expedite her access to the documents by invoking a ruling on the defendants' protective order, Wilson sought to obtain a continuance on the basis that those documents were unavailable to her. Pretermitting the issue whether the affidavit filed with the motion complied with the requirements of OCGA § 9-11-56 (f), we find no abuse of the trial court's discretion in denying her motion.

4. Consideration of the Ficklings' cross appeal having been contingent upon a reversal of the trial court's judgment in Case No. A91A0001, our holding therein renders the appeal in Case No. A91A0002 moot.

*Judgment affirmed in Case No. A91A0001. Appeal dismissed in Case No. A91A0002. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 20, 1991.

*Martin D. Chitwood & Associates, Martin D. Chitwood, Craig G. Harley,* for Wilson.

*Hall, Block, Garland & Meyer, Benjamin M. Garland, J. Steven Stewart,* for Fickling, Tara Ford, Inc. et al.