A94A0385. KNOWLES v. OLD SPARTAN LIFE INSURANCE COMPANY, INC.
(444 SE2d 136)

SMITH, Judge.

Angela Marie Knowles brought suit to recover the proceeds of her late mother's life insurance policy. Knowles was the named beneficiary of the policy, which was issued by appellee Old Spartan Life Insurance Company. The complaint acknowledges that Old Spartan paid the proceeds under the policy to Knowles's father as her "custodian." Knowles also joined as defendants her stepmother and her late father's estate on the ground that while alive the father and stepmother converted those proceeds "to their own personal uses." Old Spartan answered, filed a motion to dismiss for failure to state a

claim, and cross-claimed against the other defendants. Old Spartan's motion to dismiss was granted. Knowles filed a motion to vacate that order, which was denied. She appeals from the dismissal and the subsequent denial of her motion to vacate the dismissal order.

1. Knowles contends that the trial court considered matters outside the complaint itself and that the trial court's order therefore should be treated as the grant of summary judgment. See, e.g., *Ledford v. Meyer*, 249 Ga. 407 (290 SE2d 908) (1982). Knowles's argument, made for the first time on appeal, is that Old Spartan invited consideration of matters outside Knowles's pleading by arguing that the value of Knowles's property was equivalent to the $8,000 value of the insurance proceeds.

This, Knowles argues, is relevant to the question of whether Old Spartan improperly paid the insurance proceeds to her father since he was not her "legally qualified guardian" under OCGA § 29-4-2 (b). Under that Code section, property valued in excess of $10,000 may not be demanded or received by the natural guardian until he or she is declared the "legally qualified guardian of the property of [the] child by the judge of the probate court." Knowles's complaint sets forth that the amount of the proceeds was $8,000, and alleges the existence of no other property other than those proceeds. Old Spartan's bare assertion that the "property" in dispute consists solely of the insurance proceeds is contrary to no element of Knowles's complaint; it merely states an inference wholly consistent with it. We find no support in the record for the proposition that the court's order should be treated as one granting summary judgment.

2. Old Spartan moved "to dismiss the above-styled *action* for failure of the complaint to state a claim upon which relief can be granted," apparently oblivious to Knowles's claims against its co-defendants. In its brief in support of the motion, Old Spartan acknowledges Knowles's allegation of wrongful conversion made against its co-defendants and makes no argument contrary to that theory. Indeed, Old Spartan relied upon essentially the same contention in its cross-claim.

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision

at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." OCGA § 9-11-54 (b).

The court's order on the motion refers solely to "the defendant, Old Spartan Life Insurance Company, Inc." in granting Old Spartan's motion to dismiss. Neither party suggests, and we do not find, that the trial court's order likewise served to adjudicate Knowles's claims against Old Spartan's co-defendants based on a separate and distinct theory of wrongful conversion.

We conclude that "[t]he order[s] sought to be appealed [are] not final within the meaning of OCGA § 5-6-34 (a) because the case remains pending below" against Old Spartan's co-defendants. *Coley Fertilizer Co. v. Gold Kist*, 174 Ga. App. 471 (330 SE2d 597) (1985). "Because the procedures set forth in OCGA § 5-6-34 (b) have not been followed, the appeal must accordingly be dismissed." Id. at 471-472.

*Appeal dismissed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED MAY 11, 1994.

*E. Kontz Bennett, Jr.*, for appellant.

*Gordon & Hires, Raymond S. Gordon, Kopp & Conner, Neal L. Conner, Jr.*, for appellee.