## A95A1994. JONES v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.
### (466 SE2d 869)

SMITH, Judge.

Manuel Jones became indebted to appellee Medical College of Georgia Hospital ("hospital") in the amount of approximately $45,000 for various medical services he received between July 31, 1986 and January 11, 1987. The debt became due and payable no later than January 11, 1987. In October 1986, Manuel Jones conveyed a tract of land in excess of 300 acres in Telfair County to Joseph Jones. Manuel Jones died on August 8, 1990, and John McIver was appointed executor of his estate.

On January 28, 1994, the hospital brought this action against Joseph Jones and John McIver to recover the debt incurred by Manuel Jones; the hospital also sought cancellation of the October 1986 conveyance, alleging the conveyance was fraudulent. Jones moved for summary judgment below on the ground that the action was barred by the statute of limitation. The trial court denied the motion, finding the four-year statute of limitation had been tolled because evidence existed that Manuel Jones had misrepresented his assets when applying for services at the hospital in order to obtain services as a charity patient. We granted Jones's application for interlocutory appeal.

1. An action on account must be brought within four years from the time the right of action accrues. OCGA § 9-3-25. It is undisputed this action was brought more than four years after Manuel Jones's debt became due and payable. We must determine whether fraud tolled the statute of limitation.

Evidence exists that while Manuel was being treated by the hospital, two "information data cards" were completed indicating that Jones had annual income of $.01. The cards also indicate that this amount was not verified. Evidence also exists that Annie Jones, Manuel's wife, signed an assistance analysis form on September 3, 1987, indicating ownership of land valuing $13,042.50 and showing no assets in the form of houses, farms, machinery, etc. The assistance analysis form was incomplete, because it did not indicate whether the

Joneses owned or rented their home. John McIver averred below that from the time of his treatment in 1986 until his death in 1990, Manuel Jones owned approximately 315 acres of land worth greater than $100,000. He also stated in his affidavit that the information contained on the assistance analysis form was not true — that Manuel owned a house and farm machinery until his death and received income from the sale of turpentine and annual rental payments for tobacco and peanut allotments.

"Fraud which tolls the statute of limitations must be such actual fraud as could not have been discovered by the exercise of ordinary diligence, in the absence of any confidential relation." (Citations and punctuation omitted.) *Gerald v. Doran*, 169 Ga. App. 22, 23 (311 SE2d 225) (1983). Such fraud must be that which "conceal[ed] a cause of action" (citations and punctuation omitted) *Blalock v. Anneewakee, Inc.*, 206 Ga. App. 676, 679 (426 SE2d 165) (1992), or "debarred or deterred" a plaintiff from bringing an action. OCGA § 9-3-96; *Rigdon v. Barfield*, 194 Ga. 77, 82 (20 SE2d 587) (1942). There is no doubt the hospital knew Manuel Jones was indebted to it for a substantial sum on January 11, 1987. As in *Rigdon*, supra at 82, the hospital has alleged no conduct by Manuel that "lulled [it] to sleep" regarding bringing an action against Manuel or his estate on the debt. The record does not suggest that Manuel committed any act or omission causing the hospital to believe it had no right of action on the debt or preventing the hospital from bringing the action. The hospital may have thought judgment against Jones might be difficult to collect, but that does not change the fact that on January 11, 1987, the hospital had a right of action for collection of the debt.

Moreover, even if Manuel misrepresented his assets, the record does not suggest the hospital acted with reasonable diligence to discover the facts or to attempt to verify the information obtained from Manuel or his wife during the four years following January 11, 1987. See *Rigdon*, supra at 82; *Gerald*, supra at 23. A plaintiff cannot "sit quietly by for a length of time exceeding that named in the statute of limitations, and avoid its operation and save [its] cause of action by the mere allegation that [it] made the discovery" only recently. *Rigdon*, supra at 82.

There is no evidence that the hospital was prevented from knowing it had a cause of action on the debt and bringing an action on it. The hospital brought its action on the debt outside the four-year statute of limitation, and the trial court should have ruled the action barred.

2. Because of our holding in Division 1, the hospital's claim for cancellation of the 1986 conveyance must also fail. "[W]here the debt is barred, equity will not proceed to make the vain and empty gesture of setting the conveyance aside, or of attempting to subject the prop-

erty to such barred debt. The right to equitable relief in such instances is dependent upon the right to enforce the debt. [Cit.]" *Remington-Rand, Inc. v. Emory Univ.*, 185 Ga. 571 (2) (196 SE 58) (1938).

3. Appellant's remaining enumeration is moot.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 27, 1995 —
RECONSIDERATION DENIED DECEMBER 12, 1995 — 

*W. McMillan Walker, George L. French*, for appellant.
*Michael J. Bowers, Attorney General, Newton, Smith, Durden, Kaufold & Rice, Wilson Smith*, for appellee.