## S96A0905. HENDERSON v. DEPARTMENT OF TRANSPORTATION et al.

(475 SE2d 614)

SEARS, Justice.

The appellant, Mae Ola Henderson, is the executrix of the estate of David Martin. On March 6, 1992, Martin was traveling on a road that is part of the state highway system when he was involved in a fatal accident. On March 4, 1994, Henderson, as executrix of Martin's estate, filed a tort claim against the appellee, the Department of Transportation ("DOT"), and certain agents thereof. This appeal concerns whether the retroactive application of the notice and service provisions of the Tort Claims Act[1] to Henderson's cause of action violates our state constitutional prohibition against retroactive laws. The trial court ruled that it did not, and dismissed Henderson's cause of action for her failure to comply with those provisions. Because we conclude that the notice and service provisions are procedural rules that constitutionally may be applied retroactively, we affirm.

1. The service provision of the Tort Claims Act[2] provides that a plaintiff must serve both "the chief executive officer of the state government entity involved" and "the director of the Risk Management Division of the Department of Administrative Services."[3] The service provision also provides that the plaintiff must mail a copy of the complaint to the Attorney General in a specified fashion.[4] In this case, Henderson did not serve the director of the Risk Management Division of the Department of Administrative Services or mail a copy of the complaint to the Attorney General.

---

[1] The Tort Claims Act is set forth in Article 2 of Chapter 21 of Title 50, OCGA §§ 50-21-20 to 50-21-37. The service provisions of the Act are contained in OCGA § 50-21-35, while the notice provisions are codified at OCGA § 50-21-26.

[2] OCGA § 50-21-35.

[3] OCGA § 50-21-35.

[4] Id.

The notice provision of the Tort Claims Act provides that a person may not bring a tort claim against the state unless the person first gives the state written notice of the claim within the time, and in the manner, specified in OCGA § 50-21-26. It is undisputed that Henderson did not comply with § 50-21-26.[5]

2. The Tort Claims Act became effective July 1, 1992,[6] but provides that it "shall operate retroactively so as to apply to tort claims or causes of action which accrued on or after January 1, 1991. A tort claim or cause of action shall be deemed to have accrued on the date the loss was or should have been discovered."[7] Because Henderson's cause of action accrued on March 6, 1992, the notice and service provisions of the Tort Claims Act apply retroactively to Henderson's cause of action unless to do so would, as she contends, violate our state constitutional prohibition against retroactive laws. Art. I, Sec. I, Par. X of the Georgia Constitution.[8] The constitutional prohibition against retroactivity, however, does not apply to procedural laws.[9] "Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations."[10] In this case, the notice and service provisions are procedural laws that can constitutionally be applied retroactively.[11] For this reason, we affirm the trial court's judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*Edwards & Youmas, Lonzy F. Edwards,* for appellant.
*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General,* for appellees.

---

[5] Under § 50-21-26, Henderson had 12 months from July 1, 1992, to notify the state of her claim.

[6] Ga. L. 1992, p. 1183, § 2.

[7] OCGA § 50-21-27 (a).

[8] That paragraph of our Constitution provides that "[n]o bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed."

[9] *Hunter v. Johnson,* 259 Ga. 21 (2) (376 SE2d 371) (1989); *Enger v. Erwin,* 245 Ga. 753 (267 SE2d 25) (1980); *Weyant v. MacIntyre,* 211 Ga. App. 281, 283 (2) (438 SE2d 640) (1993); *Glover v. Colbert,* 210 Ga. App. 666, 668 (437 SE2d 363) (1993).

[10] *Polito v. Holland,* 258 Ga. 54, 55 (3) (365 SE2d 273) (1988). Accord *Weyant,* 211 Ga. App. at 283.

[11] See *Glover,* 210 Ga. App. at 668 (noting that a law relating to service of process is a procedural law), and *Weyant,* 211 Ga. App. at 282-283 (holding that the retroactive application of the revised Arbitration Code was constitutional in that the Arbitration Code contained procedural law only).