## A01A0301. CLARK v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.
### (552 SE2d 445)

ANDREWS, Presiding Judge.

Mary R. Clark appeals from the trial court's order granting summary judgment to the Board of Regents of the University System of Georgia (BOR) due to Clark's failure to comply with the ante litem notice requirements of the Georgia Tort Claims Act, OCGA § 50-21-20 et seq. (Act). We agree with the judgment of the trial court and affirm.[1]

Clark and Joseph H. Bouton were involved in a car accident on October 15, 1997, when Bouton unsuccessfully attempted to pass three vehicles. The van that Bouton was operating struck Clark's car as she was turning left into a driveway. Bouton, cited for improper passing, entered a nolo contendere plea to the charge. At the time of the incident, Bouton allegedly was a University of Georgia employee, operating a van leased by the University from Watkins Chevrolet Olds Leasing.

Nearly two years after the accident, Clark sued the BOR and Robert Watkins d/b/a Watkins Chevrolet Olds Leasing. Clark, however, did not provide pre-suit notice of her personal injury claim to the Department of Administrative Services and the BOR until on or after June 15, 1999, about 20 months after the date of loss.

The Act precludes any person, firm, or corporation from asserting a tort claim against the State under that Act without first giving notice of the claim in the manner mandated by statute. OCGA § 50-21-26 (a). The Act requires: "(1) Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered." OCGA § 50-21-26 (a) (1). The Act further provides: "No action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection." OCGA § 50-21-26 (3). Substantial compliance with the ante litem notice requirements of the Act is not sufficient. *McGee v. State of Ga.*, 227 Ga. App. 107, 108-109 (1) (487 SE2d 671) (1997). "Ante litem notice is a condition precedent to the filing of any suit for which the law requires it." *Howard v. Miller,*

---

[1] The State mistakenly contends that this Court lacks jurisdiction to decide this case. While it is true that a dismissal order was entered several months before the order on summary judgment, the earlier order did not dispose of all claims and all parties. Since that order did not make the express determination and express direction required by OCGA § 9-11-54 (b), it was not a final judgment and did not terminate the action since the case remained pending against a co-defendant. *Hadid v. Beals*, 233 Ga. App. 5, 6 (502 SE2d 798) (1998); *Knowles v. Old Spartan Life Ins. Co.*, 213 Ga. App. 204, 205 (2) (444 SE2d 136) (1994).

222 Ga. App. 868, 871 (1) (b) (476 SE2d 636) (1996).

Without question, Clark failed to timely comply with the statutory ante litem notice requirements of the Act. Nevertheless, Clark contends that summary judgment was precluded by material issues of disputed fact. Clark claims that the time for filing suit did not commence until March 1, 1999, when she discovered that Bouton was a State employee. She argues that by failing to disclose the identity of his employer, Bouton engaged in "concealment per se" and committed such fraud as would toll the statute of limitation. She contends that nothing in the police report or the traffic citation put her on notice that Bouton was a University employee or that the van had been leased by the BOR.

> To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent.

(Punctuation omitted.) *Wilson v. Tara Ford, Inc.*, 200 Ga. App. 98, 100 (2) (406 SE2d 807) (1991). Notwithstanding Clark's claim to the contrary, the record contains absolutely no evidence that by employing trick or artifice, Bouton concealed the true identity of his employer or committed such fraud as would debar or deter her from timely bringing the action. See OCGA § 9-3-96; *Edmonds v. Bates*, 178 Ga. App. 69, 71 (342 SE2d 476) (1986). On the contrary, it is undisputed that the motor vehicle accident report accurately lists the driver's name, the proper insurance company, and the correct owner of the vehicle. Providing correct information to a traffic investigator hardly constitutes deception or "concealment per se." See *Wilson*, 200 Ga. App. at 101.

The Act requires notice within 12 months of the date of the loss, not within 12 months of the date of the discovery of the identity of the tortfeasor's employer. "A plaintiff cannot 'sit quietly by for a length of time exceeding that named in the statute of limitations, and avoid its operation and save (its) cause of action by the mere allegation that (it) made the discovery' only recently. [Cit.]" *Jones v. Bd. of Regents &c. of Ga.*, 219 Ga. App. 448, 449 (1) (466 SE2d 869) (1995). Because notice of the claim was not presented to the State in the manner required by statute within 12 months of October 15, 1997, the jurisdictional prerequisite to suit was not satisfied and the superior court properly granted summary judgment to the BOR. See *Howard*, 222 Ga. App. at 871 (1) (b). We note that the procedural issues addressed by the dissent were raised neither below nor here.

*Judgment affirmed. Johnson, P. J., Smith, P. J., Ruffin, Miller and Ellington, JJ., concur. Eldridge, J., dissents.*

ELDRIDGE, Judge, dissenting.

I respectfully dissent. The General Assembly in crafting the State Tort Claims Act clearly, unambiguously, and plainly stated: "[n]o action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection." Ga. L. 1992, p. 1883, § 1; Ga. L. 1994, p. 1717, § 12; Ga. L. 1998, p. 128, § 50; OCGA § 50-21-26 (a) (3); *Williams v. Dept. of Human Resources*, 272 Ga. 624 (532 SE2d 401) (2000); *Henderson v. Dept. of Transp.*, 267 Ga. 90 (475 SE2d 614) (1996); *Kim v. Dept. of Transp.*, 235 Ga. App. 480, 482 (510 SE2d 50) (1998); *Bradley v. Ga. Institute of Technology*, 228 Ga. App. 216, 219 (1) (c) (491 SE2d 453) (1997); *Howard v. State of Ga.*, 226 Ga. App. 543, 544-545 (1) (487 SE2d 112) (1997). Such plain language limits the subject matter jurisdiction not only of the trial court but also of the appellate courts where the notice has not been given as a condition precedent to suit to have jurisdiction limited to deal only with the issue of its own subject matter jurisdiction; thus, the trial court has limited subject matter jurisdiction to dismiss for lack of subject matter jurisdiction only. OCGA § 9-11-12 (b) (1); *Kim v. Dept. of Transp.*, supra at 482; *Bradley v. Ga. Institute of Technology*, supra at 219; *Howard v. State of Ga.*, supra at 543-544. Such express limitation of subject matter jurisdiction of the courts is a procedural matter that does not reach the merits. See generally *Henderson v. Dept. of Transp.*, supra at 90.

Summary judgment constitutes an adjudication on the merits and is not the appropriate procedural vehicle to deal with pleas of abatement, a dilatory plea, i.e., lack of subject matter jurisdiction, lack of jurisdiction of the person, venue, insufficiency of process, insufficiency of service of process, lack of indispensable party, which are dilatory defenses that do not cause an adjudication on the merits but a dismissal without prejudice. See *State Bar of Ga. v. Beazley*, 256 Ga. 561, 563 (1) (350 SE2d 422) (1986); *Nat. Heritage Corp. v. Mount Olive Mem. Gardens*, 244 Ga. 240, 242-243 (260 SE2d 1) (1979); *McPherson v. McPherson*, 238 Ga. 271, 272 (1) (232 SE2d 552) (1977); *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459) (1974); *Larwin Mtg. Investors v. Delta Equities*, 129 Ga. App. 769, 770 (1) (201 SE2d 187) (1973); *Hemphill v. Con-Chem*, 128 Ga. App. 590, 591-593 (197 SE2d 457) (1973). Therefore, the trial court erred in granting summary judgment instead of dismissal without prejudice because: (1) it lacked subject matter jurisdiction to adjudicate the merits of the case; and (2) summary judgment is not

the appropriate procedure to deal with lack of subject matter jurisdiction, and the judgment should be reversed and vacated.

As a practical matter in this case, since the 12 months are long past and notice cannot now be given, the requirement to give notice as a condition precedent to suit has the effect of a statute of limitation, because the window of opportunity to sue the State has now closed. However, in cases of minors, incompetents, or others under a disability or where the dismissal comes within the 12-month window of opportunity, the plaintiff could now give the proper statutory notice to the State and satisfy the condition precedent. See *Howard v. Dept. of Transp.*, supra at 544-545.

DECIDED JULY 6, 2001 — 

*Ronny E. Jones*, for appellant.

*Thurbert E. Baker, Attorney General, Allyson G. Krause, Assistant Attorney General*, for appellee.

