# Court of Appeals
# of the State of Georgia

ATLANTA,  June 05, 2020

*The Court of Appeals hereby passes the following order:*

## A20A0174, A20A0175. MANCIL et al. v. BERRIEN COUNTY et al.; and vice versa.

On June 21, 2019, the trial court issued three orders: (1) an order granting Berrien County's and Sheriff Anthony Heath's (collectively, the "Defendants") motion to dismiss; (2) an order denying Berrien County's motion for summary judgment; and (3) an order granting in part and denying in part Berrien County's motion in limine concerning what evidence would be admissible at a jury trial. In Case No. A20A0174, Heidi and Anthony Mancil (the "Plaintiffs") appeal directly from the dismissal order and the order on the motion in limine. In Case No. A20A0175, Berrien County appeals from the order denying summary judgment.

"It is incumbent upon [an appellate court] to inquire into its own jurisdiction." *State v. Singh*, 291 Ga. 525, 526 (1) (731 SE2d 649) (2012) (citation and punctuation omitted). Where a dismissal order adjudicates fewer than all claims, or dismisses fewer than all defendants, it is not a final, directly appealable order. OCGA § 5-6-34 (a) (1); *Knowles v. Old Spartan Life Ins. Co., Inc.*, 213 Ga. App. 204, 205 (2) (444 SE2d 136) (1994).

We are under the impression that the dismissal order was a final judgment dismissing all claims against both Defendants. The substance of the order clearly explains that the Plaintiffs' claims cannot stand against the Sheriff for their failure to serve him with the ante-litem notice required in OCGA § 36-11-1. Additionally, in the dismissal order, the trial court cited our opinion in *Moats v. Mendez*, 349 Ga. App.

811, 814-818 (2) (824 SE2d 808) (2019),[1] which states that a county is not the proper defendant for the kind of claims raised by the Plaintiffs.

However, the record in this case does not allow us to say with certainty that the dismissal order was a final order directly appealable under OCGA § 5-6-34 (a) (1).[2] The case caption for the dismissal order names the County as the only defendant, yet the substance of the order addresses only the deficiencies of the claims against the Sheriff. Further, the two additional orders filed on the same day – one of which finds that there are genuine issues of material facts in the Plaintiffs' claims against the County and the other of which contemplates what the County will be allowed to argue at trial – add to the lack of clarity as to the trial court's ruling in the dismissal order.

Thus, out of an abundance of caution, we REMAND these cases to the trial court, with instructions that the trial court enter an additional order clarifying whether the dismissal order, entered on June 21, 2019, disposes of all of the Plaintiffs' claims against all of the Defendants. If the trial court clarifies that the dismissal order dismissed all claims against all Defendants, following the entry of this clarifying order, the parties who wish to appeal may file a notice of appeal within thirty (30) days of the trial court's order. If the trial court clarifies that the dismissal order did not dispose of all claims against all Defendants, the parties must follow the interlocutory procedures set forth in OCGA § 5-6-34 (b).

---

[1] We note that the Supreme Court granted certiorari in *Moats* on December 23, 2019, asking the parties to brief issues relevant to the Plaintiffs' appeal. See Supreme Court Case No. S19G1095.

[2] We note that our jurisdiction to consider (1) the Plaintiffs' appeal from the order on the motion in limine and (2) the County's appeal from the denial of summary judgment is dependent upon whether the dismissal order is a final order. OCGA § 5-6-34 (d) (where an appeal is properly taken under OCGA § 5-6-34 (a), other non-final orders may be directly appealed). We thus remand both cases for clarification.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __06/05/2020__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*, Clerk.*