## 65962. GEORGIA INSTITUTE OF TECHNOLOGY et al. v. GORE.

POPE, Judge.

Workers' Compensation; Statute of Limitation. We granted appellants' application for discretionary review in order to consider the novel issue of statutory construction presented. The sole issue is, given that the employee/appellee failed to file a claim for workers' compensation benefits within one year after the date of his employment-related injury, whether the admitted failure of the employer/appellant to maintain and post a panel of physicians renders, for statute of limitation purposes, medical treatment received by the employee on account of the injury to be remedial treatment furnished by the employer.

The applicable statute of limitation provides: "The right to compensation shall be barred unless a claim therefor is filed within one year after injury, except that if . . . remedial treatment has been furnished by the employer on account of the injury the claim may be filed within one year after the date of the last remedial treatment furnished by the employer. . . ." OCGA § 34-9-82(a) (formerly Code Ann. § 114-305(a)). OCGA § 34-9-201(b) (formerly, in substantially identical form, Code Ann. § 114-504(a)) provides: "The employer shall maintain a list of at least three physicians . . . who are reasonably accessible to the employees. The employer shall post this list, to be known as the 'panel of physicians,' in a prominent place . . . upon the business premises. . . ." OCGA § 34-9-201(e) (formerly Code Ann. § 114-504(d)) then provides: "If the employer fails to maintain the panel of physicians . . . an employee may select any physician to render service at the expense of the employer."

The Board held: "Code § 114-504(d) subjects the employer to liability for all medical expenses related to the injury for failure to maintain a panel of physicians, payment of which expenses constitute 'furnished' remedial treatment within the meaning of Code § 114-305 (a)." Stated otherwise, if an employer fails to maintain the required panel of physicians, as did the employer/appellant here, the medical treatment received by an employee on account of the employment-related injury is deemed, for statute of limitation purposes, to be remedial treatment furnished by the employer.

We find that the language of OCGA §§ 34-9-82 and 34-9-201 (Code Ann. §§ 114-305, 114-504), when read together, offers no other reasonable construction. "When a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe

it according to its terms." *Richmond County Bd. of Tax Assessors v. Ga. R. Bank &c. Co.,* 242 Ga. 23, 24 (247 SE2d 761) (1978). Accordingly, we concur with the decision of the Board, as adopted by the superior court. Because employer/appellant failed to maintain a panel of physicians and because appellee's claim was filed within one year after the date of his last medical treatment received, the claim is not barred by the statute of limitation and judgment was rightly entered against the employer/appellant.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JUNE 23, 1983 —
REHEARING DENIED JULY 8, 1983 — 

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Wayne P. Yancey, Assistant Attorney General, B. Dean Grindle, Jr., Special Assistant Attorney General,* for appellants.

*Gilbert H. Deitch, Gerald B. Kline,* for appellee.