72365. POISSONNIER v. BETTER BUSINESS BUREAU OF WEST GEORGIA-EAST ALABAMA, INC. et al.
(349 SE2d 813)

BENHAM, Judge.

Appellant was injured on the job and received medical treatment for which her employer paid. She lost no time from work and received no further medical treatment for approximately 30 months. She then consulted a chiropractor and two other doctors for symptoms which they testified were associated with her injury on the job. Her workers' compensation claim, the denial of which is the subject of this appeal, was filed some three months later, 33 months after the injury occurred. Appellees asserted as a defense the one-year statute of limitation in OCGA § 34-9-82 (a). The ALJ, noting that the employer had not posted a panel of physicians as required by OCGA § 34-9-201 (e), cited *Georgia Inst. of Technology v. Gore*, 167 Ga. App. 359 (306 SE2d 338) (1983), and held that since the claim was filed within one year of the last treatment for the injury, it was timely. That ruling was overruled by the full board. We granted appellant's application for a discretionary appeal from the superior court's affirmance of the board's decision.

The holding in *Ga. Inst. of Technology*, supra, was that "if an employer fails to maintain the required panel of physicians, as did the employer/appellant here, the medical treatment received by an employee on account of the employment-related injury is deemed, for statute of limitation purposes, to be remedial treatment furnished by the employer."

The board's reversal of the ALJ's award was based on its statement that in *Ga. Inst. of Technology*, there was an "ongoing course of medical treatment" which tolled the statute of limitation. The superior court affirmed, holding that *Ga. Inst. of Technology* applied only where there was intervening or ongoing treatment and that treatment received after the statute of limitation had expired would not renew the claim.

We find the superior court's holding persuasive. This court's

opinion in *Ga. Inst. of Technology* does not reveal the time elapsed between the injury and the treatment, but we find it unreasonable to suppose that the limitation period would be tolled forever by the employer's failure to post a panel of physicians. We hold, therefore, that medical treatment which is deemed, for statute of limitation purposes, to be remedial treatment furnished by the employer must be commenced within the original period of limitation, i.e., within one year of the job-related injury or of previous employer-furnished treatment. In the present case, the treatment on which appellant relies to toll the statute of limitation came 30 months after the events which began the running of the period of limitation. Appellant's claim was, therefore, time-barred and the board's ruling to that effect was correctly affirmed by the superior court.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 20, 1986.

*W. Alexander Byars*, for appellant.
*Elton L. Wall*, for appellees.