A98A1912. GANN v. POE et al.
(512 SE2d 1)

BEASLEY, Presiding Judge.

Discretionary appeal was granted in this workers' compensation case to review the superior court's decision that the employer did not have the requisite number of employees to be subject to the Workers'

Compensation Act and the decision that the employee's claim was time-barred.

Charles Gann was employed as a grounds man at a junkyard operated by Dan Poe. On December 11, 1995, Gann's left ankle was crushed when the vehicle he was working on was struck by another vehicle Poe was moving. Poe did not maintain workers' compensation coverage and paid neither medical expenses nor income benefits for the injury. Gann returned to work in July 1996 but quit after a few weeks and eventually asserted this claim against Poe a little more than one year after the date of the injury.

At the time of the injury, Poe had one other regular employee in addition to Gann, and Poe's 15-year-old stepson Raymond Norris also was frequently at the junkyard and helped with the work. Poe denied controlling when Norris came and left but acknowledged that Norris worked just about every day, that he gave Norris a ride to work, and that he told Norris what to do. Norris received an allowance for the work at the junkyard and for household chores he performed. Poe further stated that at the time of the incident, he was training Norris to be an employee but did not actually hire him until Gann quit in 1996.

The ALJ found as fact that Norris was the third employee necessary to subject Poe to the Workers' Compensation Act. The appellate division agreed, but the superior court concluded that the evidence did not support the finding. Whether right or wrong on this issue, the superior court correctly determined that even if Norris were an employee, Gann's claim was barred by the statute of limitation provided in OCGA § 34-9-82.

OCGA § 34-9-82 (a) provides that "[t]he right to compensation shall be barred unless a claim therefor is filed within one year after injury, except that if payment of weekly benefits has been made or remedial treatment has been furnished by the employer on account of the injury the claim may be filed within one year after the date of the last remedial treatment furnished by the employer or within two years after the date of the last payment of weekly benefits." Gann filed his claim within one year of his last medical treatment for the injury, but Poe did not furnish that treatment. Relying upon *Ga. Inst. of Technology v. Gore*,[1] Gann contends that because Poe never maintained a panel of physicians as required by OCGA § 34-9-201, the medical treatment he received is deemed to have been furnished by Poe.

*Gore* addressed the specific question of "whether the admitted failure of the employer . . . to maintain and post a panel of physi-

---

[1] 167 Ga. App. 359 (306 SE2d 338) (1983).

cians renders, for statute of limitation purposes, medical treatment received by the employee on account of the injury to be remedial treatment furnished by the employer."[2] We concluded that OCGA §§ 34-9-82 and 34-9-201, read together, required an answer in favor of the employee.[3]

But as noted by the superior court in this case, the employer in *Gore* was a major university that clearly was subject to the Act and that admitted its failure to post a panel of physicians as required by the Act. Likewise in *Poissonnier*,[4] there was no issue as to whether the employer was subject to the Act.

The State Board apparently found a genuine issue of fact existed as to whether Poe's stepson was an employee so as to subject Poe to the Act, because it declined to assess attorney fees for the refusal or wilful neglect to obtain workers' compensation coverage under OCGA § 34-9-126. Under such circumstances, there is no "admitted" failure to comply with the requirements of the Act, and *Gore* does not apply.

Accordingly, as Gann's claim was not filed within the time allowed in OCGA § 34-9-82, the superior court properly ruled the claim was time-barred and reversed the State Board's award.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 28, 1999.

*Jack F. Witcher, Joel R. Cope*, for appellant.
*Smith, Wallis & Scott, Christopher B. Scott*, for appellees.

---

[2] Id.

[3] *Poissonnier v. Better Business Bureau of West Ga.-East Alabama*, 180 Ga. App. 588 (349 SE2d 813) (1986).

