A02A0666. CITY OF ATLANTA v. MILLER et al.
(569 SE2d 907)

BARNES, Judge.

The City of Atlanta appeals the grant of partial summary judgment to Lewis J. Miller, Frank J. Booker, Dennis R. Brown, John J. McNeil, and Atlanta Professional Firefighters Union, Local 134 (collectively "the firefighters") on their claim against the City for back pay because the City paid them less than it was required to by the City's ordinances when they served in higher positions. The firefighters claimed that they were routinely required to work in positions of higher job classifications, but were denied the higher compensation that was required under City ordinances.

On appeal, the City contends the trial court erred by failing to address the firefighters' class action claims, erred by ruling that "the City's observed interpretation of the governing ordinance with regard to emergency compensation has not been demonstrated to have been promulgated pursuant to ordinance § 114-82," erred by ruling that the "treatment of a twelve hour shift as one day for the purposes of the emergency compensation ordinance appears to have been adopted as a matter of payroll policy and does not appear in either the code or any standard operating procedure." The City also alleges that to "the extent that the trial court ruled that thirty (30) consecutive days equals ten (10) consecutive [days] triggering the application of the emergency compensation ordinance, the court erred in its holding."

1. Construction of an ordinance is a question of law, subject to the canons of statutory construction, and it is the court's duty to determine and put into effect the intention of the lawmakers. *DeKalb County v. Post Apt. Homes*, 234 Ga. App. 409, 411 (1) (506 SE2d 899) (1998). "In construing a legislative act, a court must first look to the literal meaning of the act. [Cit.] If the language is plain and does not lead to any absurd or impracticable consequences, the court simply construes it according to its terms and conducts no further inquiry." *Diefenderfer v. Pierce*, 260 Ga. 426-427 (396 SE2d 227) (1990). Further, statutes are to be construed in accordance with their real intent and meaning and not so strictly as to defeat their legislative purpose (*Johnson v. Housing Auth. of Atlanta*, 198 Ga. App. 816-817 (403 SE2d 97) (1991)), and statutory construction "must square with common sense and sound reasoning." (Punctuation omitted.) *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (7) (418 SE2d 367) (1992). These rules apply to the interpretation of city ordinances as well as statutes. *City of Buchanan v. Pope*, 222 Ga. App. 716, 717 (1) (476 SE2d 53) (1996).

2. Applying those rules to this appeal, we find no error. The controlling ordinance at issue is the City of Atlanta's Civil Service Rules and Regulations, Chapter IV, Section 14:

> An employee shall receive no increase in salary or wages upon being required to work in a higher classified position on a temporary, incidental, or emergency basis, for a period of time of 30 work days or less. Upon an employee being required to perform the duties of a higher classified position for a period of time in excess of 30 work days, such employee shall be given an emergency appointment to the higher classified position and shall receive the appropriate salary or wages of the higher classification. However, in no event shall such emergency appointment be made unless the higher classified position is vacant or the incumbent of such position is in a non-pay leave status. At the conclusion of such assignment, the wages or salary of the employee shall revert to that which such employee was receiving prior to the employee performing the duties in the higher classification. . . .

City Code § 114-134.

The problem arises because firefighters do not work the same hours as most other city employees. In the City of Atlanta, firefighters work 24/48 work shifts, i.e., 24 hours on duty followed by 48 hours off duty. The City contends that one 24-hour shift equates to two eight-hour work days and not three. The City requires an

employee to work 30 consecutive days in a higher classified position before the higher pay requirement is triggered, and the position must be vacant.[1]

Under the City's interpretation, a firefighter must work at the higher classified position for 15 consecutive shifts, or 45 days, before becoming eligible for higher pay. The firefighters, however, assert that a 24/48 work shift should equate to three work days, not two, because firefighters working 24-hour shifts work the same number of hours as City employees working three eight-hour days in a normal 40-hour week. City Code § 114-411 provides that "[u]nless otherwise specified, the workweek shall normally consist of eight hours during each of five consecutive 24-hour periods, which may begin on any day of the week and at any hour of the day." Standard Operating Procedure 91.2 establishes the firefighters' 12-hour workday.

The trial court held that

> treatment of a twelve hour shift as one day for purposes of the emergency compensation ordinance appears to have been adopted as a matter of payroll policy and does not appear in either the code or any standard operating procedure. While other City employees would qualify for higher pay upon working 30, eight hour shifts, the administrative lengthening of a firefighter['s] shift to twelve hours operates to disadvantage similarly situated firefighters. No rational basis has been proffered by the City for this disparate treatment. As the Court does not find the policy observed by the City to be the most reasonable interpretation of the ordinance, for the foregoing reasons, the Court hereby GRANTS partial summary judgment in favor of Plaintiffs so that a standard 24/48 shift shall constitute three days for purposes of the emergency compensation ordinance.

The record fully supports the interpretation given by the trial court. We find nothing in the record or in the City's ordinances that justifies treating firefighters differently from other city workers.

The City's argument for treating firefighters differently consists of merely restating the policy without elucidating a basis for it. Further, we are not satisfied that the City's interpretation of the emergency compensation ordinance is entitled to great deference under the circumstances of this appeal. Nothing in the emergency compensation ordinance in any way addresses the number of hours an employee

---

[1] A vacant position is a "position duly created for which funds have been appropriated and which is unoccupied." City Code § 114-76, City of Atlanta Civil Service Rules and Regulations, Chapter I, Section 1 (38).

must work to constitute a day's work, and nothing therein suggests that the lawmakers intended that firefighters should be required to work more hours than other City employees before they are entitled to the benefits of the emergency compensation ordinance.

Therefore, we find that the trial court correctly interpreted the emergency compensation ordinance. The City's various arguments to the contrary are without merit.

3. The City's allegation regarding class certification is also without merit. Although the complaint contains class action allegations, the firefighters did not move for class certification, and the trial court did not err by not ruling on an issue that was not presented for ruling. The case remains pending below, and the firefighters may move for class certification at some future time.

4. We note that even though the firefighters' cross-appeal was dismissed by this court for failure to file their brief and enumeration of error as required both by the rules of this court and by our order directing them to file by a specified date, the appellee firefighters' brief contains arguments and enumerations of error which should have been raised in their cross-appeal. Therefore, these assertions are not properly before us, and we cannot consider them in this appeal. *Chester v. Ga. Mut. Ins. Co.*, 165 Ga. App. 783 (302 SE2d 594) (1983). Nevertheless, we note that the trial court's interpretation of the emergency compensation ordinance as requiring employees to work consecutive shifts in a vacant higher position is consistent with the ordinance.

Accordingly, the grant of partial summary judgment to the firefighters is affirmed.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 12, 2002 —
RECONSIDERATION DENIED JULY 30, 2002.

*Susan P. Langford, Tuwanda R. Williams, Chiquita T. Johnson*, for appellant.

*Parks, Chesin, Walbert & Miller, Harlan S. Miller III*, for appellees.