A03A2345. THE STATE v. VILLELLA.
(597 SE2d 563)

ANDREWS, Presiding Judge.

On August 11, 2002, Mark Vincent Villella was indicted for driving under the influence of alcohol to the extent that he was a less safe driver (OCGA § 40-6-391 (a) (1)) and driving with an unlawful alcohol concentration (OCGA § 40-6-391 (a) (5)). Villella entered a negotiated plea of guilty to the DUI less safe charge and the State nolle prossed the second count. He was sentenced to, among other things, 12 months probation and 240 hours of community service, fined $1,000, and required to turn in his license plate. The State appeals, contending that the trial court erred in omitting an ignition interlock order from Villella's sentence as required by OCGA § 42-8-111 (a).

The evidence shows that the DUI conviction was Villella's second in five years. After he entered his negotiated plea, the State offered its sentencing recommendation for Villella to

[s]erve a period of twelve months, pay a fine in the amount of a thousand dollars. Serve sixty days either in confinement or through the work release program, thirty days work alternative program, alcohol and drug evaluation, victim impact panel, ignition interlock order, tag forfeiture order and publication order.

Villella responded that he was in the process of relocating to Florida and liquidating all of his assets, including his home and vehicle. He said that he had an unrelated buyer for his car and that his new job in Florida would not require him to drive. He also asked that "whatever time he does to be straight time," "start anytime after July first," and "instead of work alternative, community service." Villella then asked the trial court not to implement the interlock device. His counsel argued that

since he is relocating, interlock won't do him any good in Florida, I prefer that he just do the straight suspension and he will have to wait eighteen months for application. I'm sort of in a situation where I think he is better off to not have the order and have the eighteen months of hard suspension and then he can apply for reinstatement.

The State responded that "I could be wrong, but I believe an interlock order is required in a second in five DUI." Villella said that it was optional, "because it wouldn't make any sense to have that

required on out-of-state drivers." The court agreed that the statutory requirement of an interlock device was discretionary, stating that the statute "says may order," and imposed the above-mentioned sentence, which did not include an ignition interlock order.

Pursuant to OCGA § 42-8-111 (a),

In addition to any other provision of probation, upon a second or subsequent conviction of a resident of this state for violating Code Section 40-6-391 within five years, as measured from the dates of previous arrests for which convictions were obtained to the date of the current arrest for which a conviction is obtained, for which such person is granted probation, the *court shall order as conditions of probation that*:

(1) *Such person shall have installed and shall maintain* in each motor vehicle registered in such person's name throughout the applicable six-month period prescribed by subsection (b) of Code Section 42-8-112 *a functioning, certified ignition interlock device, unless the court exempts the person from the requirements of this paragraph based upon the court's determination that such requirements would subject the person to undue financial hardship*; and

(2) *Such person shall have installed and shall maintain* in any other motor vehicle to be driven by such person during the applicable six-month period prescribed by subsection (b) of Code Section 42-8-112 *a functioning, certified ignition interlock device*, and such person shall not during such six-month period drive any motor vehicle whatsoever that is not so equipped.[1]

The State argues that the statutory language requiring an ignition interlock order as a condition of probation is mandatory in this circumstance and that the trial court did not make a finding of "financial hardship," which was required before it could exempt Villella from the ignition interlock device. We agree.

---

[1] Pursuant to OCGA § 42-8-110 (a), "the term 'ignition interlock device' means a constant monitoring device certified by the commissioner of motor vehicle safety which prevents a motor vehicle from being started at any time without first determining the equivalent blood alcohol concentration of the operator through the taking of a deep lung breath sample. The system shall be calibrated so that the motor vehicle may not be started if the blood alcohol concentration of the operator, as measured by the device, exceeds 0.02 grams or if the sample is not a sample of human breath."

In construing a statute, the goal is to ascertain its legislative intent and meaning. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). "Statutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation." *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987). "When a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe it according to its terms." *Richmond County Bd. of Tax Assessors v. Ga. R. Bank & Trust Co.*, 242 Ga. 23, 24 (247 SE2d 761) (1978). See also *City of Atlanta v. Miller*, 256 Ga. App. 819, 820 (1) (569 SE2d 907) (2002) (Barnes, J.); *Ga. Institute of Technology v. Gore*, 167 Ga. App. 359-360 (306 SE2d 338) (1983).

In 1999, as a response to the death of Heidi Flye and her two small children in an automobile accident involving a drunk driver, the Georgia General Assembly enacted Heidi's Law to, among other things, strengthen laws requiring the installation and use of ignition interlock devices to prevent persons convicted of DUI from driving vehicles not equipped with the device. See Ga. L. 1999, pp. 391-393. In 2000, the statute was amended, effective May 1, 2000, and the subsection relating to installation of certified ignition interlock device as a condition of probation was rewritten from "Except as otherwise provided in this article, the court *may* order the installation of a certified ignition interlock device on any vehicle which any person subject to subsection (a) of this Code section owns or operates," (emphasis supplied) to the present *shall* language. See OCGA § 42-8-111 (a); compare Ga. L. 1999, pp. 391, 399-400, § 12.

This statute is plain and susceptible of only one natural and reasonable construction — shall means shall and there is no discretion to exercise absent financial hardship.

The trial court erred in not including the ignition interlock order as a condition of probation.

*Judgment reversed. Johnson, P. J., Blackburn, P. J., Eldridge and Mikell, JJ., concur. Barnes and Adams, JJ., concur in the judgment only.*

DECIDED MARCH 24, 2004.

*Gerald N. Blaney, Jr., Solicitor-General, Jeffrey P. Kwiatkowski, Jason R. Samuels, Assistant Solicitors-General*, for appellant.
*Head, Thomas, Webb & Willis, William C. Head*, for appellee.