## A04A2289. CAMP v. COWETA COUNTY et al.
(609 SE2d 695)

ANDREWS, Presiding Judge.

In his suit pursuant to the Georgia Tort Claims Act (GTCA) for damages suffered while in the custody of the Georgia Department of Corrections, assigned to the Coweta County Correctional Institute, David Lamar Camp appeals from the trial court's grant of the county defendants'[1] motion to open default and grant of the Georgia Department of Correction's motion to dismiss.[2]

Camp alleged that, on August 27, 2002, while participating on a mandatory work detail at the Coweta County Fairgrounds, he was required to climb scaffolding next to a building under construction. He fell, landed on rocks, and was seriously injured.

On the date of the injury, the county and its employees were insured by St. Paul Insurance Company. On May 19, 2003, Mitchell Powell, county attorney for Coweta County, received a copy of Camp's complaint from the sheriff. The county commissioners were not personally served. Instead, copies of the complaint were served upon the county administrator. On May 19, 2003, Powell's employee sent a copy of the complaint to Smith Lanier, the insurance broker for the county. On May 20, 2003, Lanier's employee Folts sent a copy of the complaint to St. Paul Insurance Company for handling and assignment of defense counsel. In January 2003, Folts had forwarded to St. Paul a copy of Camp's ante litem letter, which was assigned a claim number and adjuster by St. Paul. Folts called St. Paul's Claims Service Center and was told that the complaint sent on May 20 had been received.

If a claim is denied by St. Paul, a written denial letter is sent to the county attorney, the county, and Lanier, the insurance broker.

---

[1] The county defendants are Coweta County, the Coweta County Correctional Institute, and several employees of the county and institute. Also named as defendants are the State of Georgia, the Georgia Department of Corrections (DOC), Phillips State Prison, and the warden of the prison (state defendants).

[2] Camp consented to the dismissal of Phillips State Prison, its warden, and the State of Georgia, leaving the DOC as the state defendant.

That did not occur in Camp's case. The county became aware that no answer had been filed on its behalf when Powell, the county attorney, received a copy of Camp's motion for default judgment, filed on July 28, 2003. On July 31, 2003, an answer and motion to open default were filed on behalf of the county defendants.

By order of October 7, 2003, the trial court granted the county defendants' motion to open default[3] and denied Camp's request for a certificate of immediate review. In March 2004, the DOC filed its motion to dismiss for failure to comply with the ante litem and service of process requirements of OCGA §§ 50-21-25, 50-21-26, and 50-21-35. By order of April 28, 2004, the trial court granted this motion, finding that Camp did not satisfy these statutory requirements and found subject matter jurisdiction missing as to the state defendants.

1. The county defendants have raised the issue of whether this Court has jurisdiction over the appeal regarding the opening of default. Even if not raised by a party, "[i]t is the duty of this Court on its own motion to inquire into its jurisdiction." (Citation and punctuation omitted.) *Yeazel v. Burger King Corp.*, 236 Ga. App. 110 (511 SE2d 237) (1999). Our jurisdiction is granted by Ga. Const. 1983, Art. VI, Sec. V, Par. III, and defined by statute. OCGA § 5-6-34. An appeal which does not fall within this Court's jurisdiction must be dismissed for lack of jurisdiction. *Standridge v. Spillers*, 263 Ga. App. 401, 402-403 (1) (587 SE2d 862) (2003); *Trammel v. Clayton County Bd. of Commrs.*, 250 Ga. App. 310, 311-312 (551 SE2d 412) (2001); *Lowe v. Payne*, 130 Ga. App. 337 (203 SE2d 309) (1973).

The trial court's April 28, 2004 order regarding the claims against the state defendants stated that the court granted the motion to dismiss of DOC and that

> [i]t is hereby ORDERED, ADJUDGED and DECREED that the claims against the Defendants Phillips State Prison, Michelle Martin, Georgia Department of Corrections, and the State of Georgia are DISMISSED. In addition, the Court finds that the instant matters satisfy the criteria for entry of a final judgment as prescribed in O.C.G.A. § 9-11-54 (b), in that there are multiple parties and there is no just reason for delaying entry of a final judgment *as to the adjudication of the claims against Defendants Phillips State Prison, Michelle Martin, Georgia Department of Corrections, and the State of Georgia. Accordingly, pursuant to O.C.G.A. § 9-11-54 (b), the Court hereby expressly directs that FINAL JUDGMENT IS*

---

[3] No judgment had been entered on the default.

*HEREBY ENTERED . . . in favor of [these defendants].*

(Emphasis supplied.)

Camp argues that his appeal of the order opening default is also made appealable by this order. We do not agree. OCGA § 5-6-34 (a) (1) provides that "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, . . ." are directly appealable. OCGA § 5-6-34 (b), which Camp invoked below, allows appeal from an order not otherwise directly appealable upon issuance of a certificate of immediate review. The trial court declined to grant a certificate and the case against the county defendants remains pending below.

Under these circumstances, the order opening default does not fall within the provisions of OCGA § 5-6-34 (d) which states that

> [w]here an appeal is taken under any provision of subsection (a), (b), or (c) [applicable to criminal cases only] of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

While Camp's appeal as to the DOC is reviewable pursuant to OCGA § 9-11-54, his case remains pending below against the county defendants and the order opening default is not yet appealable, absent the certificate of immediate review. *Financial Investment Group v. Cornelison*, 238 Ga. App. 223 (516 SE2d 844) (1999); *Knowles v. Old Spartan Life Ins. Co.*, 213 Ga. App. 204, 205 (2) (444 SE2d 136) (1994); *Cherry v. Hersch*, 193 Ga. App. 471, 472 (1) (388 SE2d 64) (1989); *Foskey v. Bank of Alapaha*, 147 Ga. App. 541 (249 SE2d 346) (1978).

Therefore, this Court is without jurisdiction to consider Camp's appeal of the grant of the county defendants' motion to open default and this appeal is dismissed as to those defendants.

2. Camp also argues that the trial court erred in dismissing the complaint against the DOC for failure to comply with OCGA § 50-21-35.

That section provides that

> [i]n all civil actions brought against the state under this article, *to perfect service of process . . .* [a] copy of the complaint, showing the date of filing, shall also be mailed to

the Attorney General at his or her usual office address, by certified mail or statutory overnight delivery, return receipt requested and there shall be attached to the complaint a certificate that this requirement has been met.

(Emphasis supplied.)

As reflected by the complaint and the summons attached to it, no copy was mailed to the Attorney General immediately following the complaint's filing. Nor was the certificate indicating that this had been done filed with the complaint. It was not until April 7, 2004, 11 months after the filing of the complaint on May 14, 2003, that a copy of the complaint, amended to include the certificate of compliance required by OCGA § 50-21-35, was mailed to the Attorney General. The state defendants had raised the lack of service on the Attorney General as a defense in June 2003, and in the motion to dismiss on this ground filed on March 16, 2004.

Camp argues, without any citation of authority to support it, that since the Attorney General was sent the complaint and the certificate was added by amendment within the statute of limitation, this complied with OCGA § 50-21-35. We disagree.

The GTCA, "by its own terms, must be strictly construed." *Howard v. State of Ga.*, 226 Ga. App. 543 (1) (487 SE2d 112) (1997); accord *Ga. Ports Auth. v. Harris*, 274 Ga. 146, 150 (2) (549 SE2d 95) (2001); *Sylvester v. Dept. of Transp.*, 252 Ga. App. 31, 32 (555 SE2d 740) (2001); *Kim v. Dept. of Transp.*, 235 Ga. App. 480, 481 (2) (510 SE2d 50) (1998); see OCGA § 50-21-23 (a).

As also noted in *Howard*, supra, "the General Assembly specifically provided that the tort liability of this State shall only be 'within the limitations of this article [OCGA § 50-21-20 et seq.] and in accordance with the fair and uniform principles established in this article.'" (Citations and punctuation omitted.)

In *Howard*, the ante litem notice and the service of process were deficient, making the filing of the complaint a void act because subject matter jurisdiction was lacking. As stated in *Howard*,

[t]he provision for service of process under OCGA § 50-21-35 is as specific as that of the ante litem notice requirements. Service must be made upon: (1) the governmental entity allegedly responsible for plaintiff's injury; (2) the director of the Risk Management Division of the Department of Administrative Services; and (3) the State Attorney General. Appellant failed to include service of process upon the Attorney

General and upon the [governmental entity], OCGA §§ 12-3-311; 50-21-35.

Id. at 545, n. 3.

In construing a statute, the goal is to ascertain its legislative intent and meaning. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). "Statutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation." *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987). "When a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe it according to its terms. [Cits.]" *Richmond County Bd. of Tax Assessors v. Ga. R. Bank & Trust Co.*, 242 Ga. 23, 24 (247 SE2d 761) (1978). See also *City of Atlanta v. Miller*, 256 Ga. App. 819, 820 (1) (569 SE2d 907) (2002); *Ga. Institute of Technology v. Gore*, 167 Ga. App. 359-360 (306 SE2d 338) (1983).

Because OCGA § 50-21-35 uses "shall" regarding service on the Attorney General, we conclude that it is susceptible of only "one natural and reasonable construction — shall means shall. . . ." *State v. Villella*, 266 Ga. App. 499, 501 (597 SE2d 563) (2004). To find that this service may be made by amendment nearly a year after filing of the complaint is contrary to the express requirement that the complaint shall include certification that the service has been made.

Such a conclusion is also consistent with the fact that the GTCA does provide that failure to attach to the complaint copies of the ante litem notice and proof of delivery may be cured by amendment within 30 days of the state's raising of the issue by motion. OCGA § 50-21-26 (a) (4). There is no provision in the GTCA allowing any other amendment.

In determining the intent of the legislature, we apply

the venerable principle of statutory construction *expressio unius est exclusio alterius*: the express mention of one thing implies the exclusion of another; or the similar maxim more usually applied to statutes, *expressum facit cessare tacitum*, which means that if some things (of many) are expressly mentioned, the inference is stronger that those omitted are intended to be excluded than if none at all had been mentioned. The omission of any such reference from the Code subsection must be regarded as deliberate.

(Citations and punctuation omitted.) *Homebuilders Assn. of Ga. v. Morris*, 238 Ga. App. 194, 196 (518 SE2d 194) (1999).

Sufficiency of service of process on the Attorney General was a condition precedent to DOC's waiver of sovereign immunity and Camp failed to comply with it. See *Dept. of Human Resources v. Nation*, 265 Ga. App. 434, 438 (1) (594 SE2d 383) (2004).

There was no error in the trial court's dismissal of the suit against DOC.

3. DOC also included in its motion to dismiss the inadequacy of the ante litem notice and the trial court granted the motion on this basis also, which Camp argues was improper.

Pursuant to OCGA § 50-21-26 (a) (5),

(5) A notice of claim under this Code section shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the following:

(A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim;

(B) The time of the transaction or occurrence out of which the loss arose;

(C) The place of the transaction or occurrence;

(D) The nature of the loss suffered;

(E) The amount of the loss claimed; and

(F) The acts or omissions which caused the loss.

"Substantial compliance with the ante litem notice requirement is inadequate under the Act. [Cits.]" *Grant v. Faircloth*, 252 Ga. App. 795 (556 SE2d 928) (2001); accord *Williams v. Ga. Dept. of Human Resources*, 272 Ga. 624 (532 SE2d 401) (2000); *Clark v. Bd. of Regents &c. of Ga.*, 250 Ga. App. 448 (552 SE2d 445) (2001); *McGee v. State of Ga.*, 227 Ga. App. 107, 108-109 (1) (487 SE2d 671) (1997). "Strict compliance with OCGA § 50-21-26 (a) is required. [Cits.]" *Kim*, supra, 235 Ga. App. at 481 (2).

On January 6, 2003, Camp alleges that his attorney mailed letters to the Department of Administrative Services, DOC, and Phillips State Prison. The only such letter contained in the record before us, however, is that sent to Phillips State Prison, which states that

[t]his firm represents David Lamar Camp, a prison inmate, who was severely injured when he fell from a scaffold on or about August 27, 2002, at the Coweta County Fairgrounds. Our investigation of this matter is ongoing and all of the relevant facts and circumstances surrounding the incident giving rise to Mr. Camp's injuries, as well as the full extent of the injuries themselves, are not yet known. It appears at

this point that Mr. Camp was required to work with inadequate equipment, without standard safety equipment, and in inclement weather, and that these factors combined to cause his sudden fall from the top of a 20 foot tall scaffold. Mr. Camp's legs were shattered when he landed in the rocks beneath the scaffold. It is unclear at this point whether Mr. Camp will ever regain the full use of his legs.

(Punctuation omitted.)

Regarding the failure to name the DOC as the state governmental entity sought to be held responsible, Camp's brief states that his "alleged failure to name the GDOC in the body of the notice is hardly a deficiency. A copy of the notice was addressed to the GDOC. Clearly a notice addressed to GDOC is sufficient to advise the GDOC that [Camp] considered the GDOC potentially liable for his injury."

It was incumbent upon Camp to demonstrate error in the record. In addition to the fact that DOC is not named in the body of the letter sent to Phillips State Prison, nothing in the record demonstrates that DOC was mailed such a letter. Statements in briefs cannot be considered because they add no evidence to the record. *In the Interest of C. M.*, 258 Ga. App. 387, 388 (2) (574 SE2d 433) (2002); *McEntyre v. McRae*, 240 Ga. App. 148, 150 (3) (522 SE2d 731) (1999).

On this basis alone, the ante litem notice was insufficient. See *Dempsey v. Bd. of Regents &c. of Ga.*, 256 Ga. App. 291, 293 (568 SE2d 154) (2002). Further, the notice does not provide the specific place or time of the incident or the nature of Camp's injuries. See *Colvin v. City of Thomasville*, 269 Ga. App. 173, 175 (1) (603 SE2d 536) (2004).

*Judgment affirmed and appeal dismissed in part. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 21, 2005 —

*Vaughan & Evans, Donald C. Evans, Jr.*, for appellant.

*Thurbert E. Baker, Attorney General, Richard V. Merritt, Assistant Attorney General, Hawkins & Parnell, Stephen C. Collier, H. Lane Young II, Brenda Godfrey*, for appellees.