A05A1772. SHIVER v. DEPARTMENT OF TRANSPORTATION.
(627 SE2d 204)

ELLINGTON, Judge.

Jeanna Shiver appeals from the dismissal of her personal injury suit against the Georgia Department of Transportation ("DOT"). She contends the trial court erred in dismissing her suit based solely upon her failure to mail a copy of the complaint to the Attorney General of Georgia, as required by OCGA § 50-21-35. For the following reasons, we reverse the dismissal and remand this case to the trial court for further consideration.

The record shows that, on February 6, 2004, Shiver filed suit against the DOT, alleging that the DOT had negligently designed, constructed, and maintained a portion of Georgia Highway 14 by allowing for an excessive drop-off from the edge of the road to the shoulder. Shiver claimed that, on March 2, 2002, she was driving on the highway when a second motorist driving in the opposite direction lost control of her vehicle after running off the side of the road and collided with Shiver's car, causing Shiver to suffer serious injuries. Shiver served copies of the complaint upon the DOT and the Department of Administrative Services. She failed, however, to mail a copy of the complaint to the Attorney General or to attach to her complaint a certificate that this requirement was met, as required by OCGA § 50-21-35.[1]

The DOT filed a special appearance, contending that the suit should be dismissed for improper service of process and insufficiency of process due to Shiver's failure to comply with OCGA § 50-21-35. On May 24, 2004, Shiver mailed a copy of the complaint to the Attorney General and amended her complaint to show that she had done so. On

---

[1] OCGA § 50-21-35 states as follows:
In all civil actions brought against the state under this article, to perfect service of process the plaintiff must both: (1) cause process to be served upon the chief executive officer of the state government entity involved at his or her usual office address; and (2) cause process to be served upon the director of the Risk Management Division of the Department of Administrative Services at his or her usual office address. The time for the state to file an answer shall not begin to run until process has been served upon all required persons. A copy of the complaint, showing the date of filing, shall also be mailed to the Attorney General at his or her usual office address, by certified mail or statutory overnight delivery, return receipt requested and there shall be attached to the complaint a certificate that this requirement has been met.

August 9, 2004, the trial court conducted a hearing on the DOT's motion to dismiss. During the hearing, the trial court determined that, under OCGA § 50-21-35, the plaintiff must mail a copy of his or her complaint to the Attorney General, the copy of the complaint must show the date of filing, and the plaintiff must file a certificate contemporaneously with the complaint stating that he or she had fulfilled this requirement. The court also ruled that service was not complete until these requirements were met. Further, the court found that Shiver had not fulfilled these requirements. Then, when it became clear that the trial court was about to dismiss Shiver's suit for failure to comply with OCGA § 50-21-35, Shiver suddenly announced that she was voluntarily dismissing the suit.

On December 14, 2004, Shiver refiled her complaint under the renewal statute, OCGA § 9-2-61. The record shows that she mailed a copy of the renewed complaint to the Attorney General and that his office received it on December 15, 2004. The record is unclear, however, whether Shiver filed a valid certificate with the trial court stating that she had mailed the copy to the Attorney General.[2] On January 20, 2005, the DOT filed a motion to dismiss Shiver's renewed complaint, contending that Shiver's original complaint was invalid due to her failure to serve the Attorney General as required by OCGA § 50-21-35, and, therefore, she could not renew the complaint under OCGA § 9-2-61. The same day, Shiver filed an amendment to her renewed complaint to certify that she had mailed a copy of that complaint to the Attorney General in December 2004.

On January 26, 2005, the DOT filed a supplemental brief to its motion to dismiss Shiver's renewed complaint, pointing out that this Court had just issued a ruling in *Camp v. Coweta County*, 271 Ga. App. 349 (609 SE2d 695) (2005). In *Camp*, this Court ruled that, under OCGA § 50-21-35, a plaintiff must mail a copy of his or her complaint to the Attorney General, that this was a service requirement that was a condition precedent to the state's waiver of sovereign immunity, and that the failure to comply with the statute could not be cured by amendment. Id. at 353-354 (2). On March 7, 2005, the trial court conducted a hearing on the DOT's motion to dismiss and, relying upon *Camp*, dismissed Shiver's renewed complaint.

In her appeal from this ruling, Shiver argues, in part, that this Court's ruling in *Camp* misconstrued OCGA § 50-21-35. Shiver's argument is supported by a recent decision by the Supreme Court of

---

[2] The record includes the affidavit of Shiver's attorney stating that a file-stamped copy of the renewed complaint "is being mailed" to the Attorney General. Also, the attorney filed a "Certificate of Service" stating that "I am mailing, or I will mail" a file-stamped copy to the Attorney General. Although both of these documents were stamped as having been filed on December 14, 2004, the record shows that both stamps were subsequently marked "VOID."

Georgia, which, on review by writ of certiorari, reversed the portion of *Camp* upon which the trial court in this case relied. *Camp v. Coweta County*, 280 Ga. 199 (625 SE2d 759) (2006) (*"Camp II"*). In *Camp II*, the Supreme Court found that

> [t]he legislature clearly did not intend to require the plaintiff to serve the Attorney General as a means of perfecting service. Service is perfected upon the proper service of the two "required persons," the chief executive of the State agency involved and the director of the Risk Management Division of the Department of Administrative Services. The mailing of the complaint to the Attorney General is purely a notice provision, as the legislature intended the Attorney General to receive prompt notice of complaints filed against the State.

(Footnote omitted.) Id. at 201 (1). The Supreme Court also held that "the failure to satisfy the mailing requirement in a timely manner does not automatically require the dismissal of the complaint, but, instead, the trial court should determine whether the State had been prejudiced by the lack of timely notice." Id. at 202 (2). On the issue of whether the failure to provide notice could be cured by amendment, the Court held that,

> [b]ecause there are no specific proscriptions against amendments to cure a defect in the certification requirement under OCGA § 50-21-35, an amendment should generally be allowed prior to the entry of a pretrial order unless there is good reason to deny it, such as where the statute of limitation has expired before the defect is cured.

Id. at 203 (3). The Court summarized its ruling as follows:

> Plainly, the statute demands that a copy of the complaint be sent to the Attorney General as soon after filing as possible. . . . But there is no express remedy, punishment, or consequence for failing to do so, and certainly no evidence that the legislature intended the draconian remedy of dismissal to apply in every case in which the Attorney General's copy was not immediately mailed after filing. There is likewise no explicit prohibition on the use of amendments, in conformance with the general rules of the Civil Practice Act, to cure such defects. In the absence of specific restrictions, courts should determine on a case by case basis whether the purpose of the statute, to provide prompt notice of the

lawsuit to the Attorney General, has been so thoroughly undermined as to cause prejudice to the State and warrant dismissal of the lawsuit.

Id. at 203-204 (3).

Accordingly, we reverse the trial court's dismissal of Shiver's complaint and remand the case to the trial court so that the court may reconsider the DOT's motion to dismiss in light of the holding of *Camp II.*

*Judgment reversed and case remanded with direction. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 15, 2006.

*Hawkins & Parnell, Kim M. Jackson,* for appellant.

*Thurbert E. Baker, Attorney General, Susan J. Levy, Assistant Attorney General,* for appellee.