## A06A2361. BACKENSTO et al. v. GEORGIA DEPARTMENT OF TRANSPORTATION.

(643 SE2d 302)

SMITH, Presiding Judge.

Jami Backensto and Robert B. Backensto sued the Georgia Department of Transportation for damages arising out of an October 24, 2000 collision between their vehicle and a road sign. The Department moved to dismiss the complaint on the ground that the Backenstos did not comply with OCGA § 50-21-35 because they failed to mail a copy of the complaint to the attorney general and attach a certificate to the complaint certifying that the mailing to the attorney general had occurred. The trial court granted the motion to dismiss, and the Backenstos appeal. For the reasons set forth below, we reverse and remand this case to the trial court with direction.

OCGA § 50-21-35 provides:

> In all civil actions brought against the state under this article, to perfect service of process the plaintiff must both: (1) cause process to be served upon the chief executive officer of the state government entity involved at his or her usual office address; and (2) cause process to be served upon the director of the Risk Management Division of the Department of Administrative Services at his or her usual office address. The time for the state to file an answer shall not begin to run until process has been served upon all required persons. A copy of the complaint, showing the date of filing, shall also be mailed to the Attorney General at his or her usual office address, by certified mail or statutory overnight delivery, return receipt requested and there shall be attached to the complaint a certificate that this requirement has been met.

The record shows that the Backenstos filed their complaint on October 17, 2002, but did not mail a copy to the attorney general until December 2, 2002. That date was 39 days after the statute of limitation period expired on October 24, 2002.[1] The required certificate was not attached to the complaint by amendment until January 3, 2003, which was 71 days after the statute of limitation had expired.

---

[1] See OCGA § 50-21-27 (c).

On January 10, 2003, the Department moved to dismiss the Backenstos' complaint because they failed to (1) exercise due diligence in the service of the Risk Management Division of the Department of Administrative Services, (2) timely mail a copy of the complaint to the attorney general, and (3) attach the required certificate of mailing to the attorney general in their original complaint. On January 30, 2003, the trial court denied the motion to dismiss, finding that (1) the Backenstos exercised the greatest possible diligence in serving the complaint and that (2) their amended complaint related back to the date of their original complaint to satisfy the certificate requirement of OCGA § 50-21-35.

Over two years later, the Department moved the trial court to reconsider the denial of its motion to dismiss based on this court's opinion in *Camp v. Coweta County*, 271 Ga. App. 349 (609 SE2d 695) (2005) (*Camp I*), in which we affirmed the trial court's dismissal of a complaint based upon the plaintiff's failure to mail a copy of the complaint to the attorney general as required by OCGA § 50-21-35. The trial court stayed its ruling on the motion for reconsideration based on the Supreme Court's grant of certiorari "to determine whether compliance with that requirement is essential to perfecting service and whether an initial failure to comply can be cured by a late mailing and the filing of an amended complaint." *Camp v. Coweta County*, 280 Ga. 199, 200 (625 SE2d 759) (2006) (*Camp II*).

After reviewing the Supreme Court's opinion in *Camp II*, and "affording both parties the opportunity to present evidence and arguments at a hearing,"[2] the trial court granted the Department's motion to dismiss "[b]ecause the Plaintiff's [sic] notice to the Attorney General under OCGA § 50-21-35 occurred after the statute of limitations had run, and this Court is satisfied that prejudice has occurred to the State due to the lack of timely notice." The trial court did not strike the amended complaint or make any ruling with regard to the certification requirement.

The propriety of the trial court's dismissal of the Backenstos' complaint is governed by the Supreme Court's opinion in *Camp II*, supra. In *Camp II*, the Supreme Court reversed this court and held that the requirement that a copy of the complaint be mailed to the attorney general "is not necessary to perfect service." Id. at 200. According to the Supreme Court, a failure to timely satisfy the mailing requirement does not automatically result in the complaint's dismissal because there is "no evidence that the legislature intended

---

[2] Any existing transcript of the hearing is not in the record before this court because appellants' notice of appeal provided, "No transcript of evidence will be filed for inclusion in the record on appeal."

the draconian remedy of dismissal to apply in every case in which the Attorney General's copy was not immediately mailed after filing." Id. at 203 (3). The Supreme Court also held that an amendment to the complaint to cure a defect in the OCGA § 50-21-35 certification requirement should generally be allowed, subject to the restrictions found in OCGA § 9-11-15 (a).[3] Id. at 202. After noting the legislature's lack of a prescribed penalty for failing to comply with the mailing requirement and the lack of a specific prohibition against the use of an amendment to cure defects in the complaint, the Supreme Court held:

> In the absence of specific restrictions, courts should determine on a case by case basis whether the purpose of the statute, to provide prompt notice of the lawsuit to the Attorney General, has been so thoroughly undermined as to cause prejudice to the State and warrant dismissal of the lawsuit.

Id. at 203-204 (3). The Supreme Court thereby adopted an actual prejudice standard to determine whether a complaint should be dismissed. Id. See also id. at 204 (Melton, J., concurring specially).

In this case, the trial court dismissed the Backenstos' complaint based on *notice* grounds, but also cited the following language from the Supreme Court's opinion to support the dismissal:

> Because there are no specific proscriptions against amendments to cure a defect in the certification requirement under OCGA § 50-21-35, an amendment should generally be allowed prior to the entry of a pretrial order *unless there is good reason to deny it, such as where the statute of limitation has expired before the defect is cured.*

(Citations and footnote omitted; emphasis supplied.) *Camp II*, supra at 203 (3).

Based on our review of *Camp II*, it is clear the language emphasized above refers to the certification requirement and should not be used to find prejudice as a matter of law in the context of *notice* to the attorney general. While the expiration of the statute of limitation might result in actual prejudice in certain cases, such as where a mandatory counterclaim is lost, actual prejudice does not automatically flow from the expiration of the statute of limitation.

---

[3] OCGA § 9-11-15 (a) provides that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order."

Our analysis does not end here, however, because we must determine the impact of an amendment to certify filed after the statute of limitation has expired. The language emphasized above arguably supports the conclusion that such an amendment would be subject to a motion to strike. Such a result, however, would be inconsistent with the Civil Practice Act that permits a party to "amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a). Under the Civil Practice Act, while the statute of limitation may impact whether an amendment relates back, OCGA § 9-11-15 (c), it has no bearing on whether an amendment can be made before entry of the pretrial order. See OCGA § 9-11-15 (a). We need not resolve this apparent conflict between a Supreme Court opinion and OCGA § 9-11-15 (a), however, because the language emphasized above is nonbinding dicta. In *Camp I*, the plaintiff amended his complaint before the statute of limitation expired, and this issue therefore was not before the Supreme Court. See id. at 352 (2).

Moreover, even if a certification amendment could be properly stricken based upon the expiration of the statute of limitation alone, we do not believe the Supreme Court's opinion in *Camp II* should be construed to mean that the complaint must automatically be dismissed. Instead, as with notice, the defendant must demonstrate actual prejudice.

In this case, we cannot determine from the language employed by the trial court in its order whether it dismissed the complaint based on the conclusion that notice provided after the statute of limitation has expired is prejudicial as a matter of law, or whether it made an independent finding of prejudice.[4] While the trial court stated that "it is satisfied that prejudice has occurred to the State," it did not specify whether it found that the prejudice resulted from the mere expiration of the statute of limitation or some other facts before it. As a result, we must remand this case to the trial court with the direction that it apply a standard of actual prejudice before dismissing the Backenstos' complaint for failing to comply with the requirements of OCGA § 50-21-35. Accord *Shiver v. Dept. of Transp.*, 277 Ga. App. 616, 619 (627 SE2d 204) (2006).

---

[4] We note that but for the ambiguity in the trial court's order, we would be required to affirm the trial court's finding of prejudice because the trial court's order indicates that it received evidence during the hearing and the appellants directed the trial court clerk to omit the hearing transcript from the record on appeal. Failing to include an evidentiary transcript generally results in an appellate court affirming the trial court, because it cannot review the evidence upon which the trial court based its ruling and thus must assume that the evidence was sufficient to support it. See *Graham v. Haley*, 224 Ga. 498, 500 (3) (162 SE2d 346) (1968).

*Judgment reversed and case remanded with direction. Ruffin and Phipps, JJ., concur.*

DECIDED MARCH 7, 2007.

*Sherwood & Sherwood, H. Burke Sherwood,* for appellants.
*Thurbert E. Baker, Attorney General, Richard V. Merritt, Assistant Attorney General,* for appellee.