A07A0521. INGRAM v. DEPARTMENT OF TRANSPORTATION.
(648 SE2d 729)

PHIPPS, Judge.

Betty Jean Ingram, individually as surviving spouse and as administratrix of her husband's estate, sued the Georgia Department of Transportation (DOT) for damages arising out of a July 28, 2001 automobile collision that resulted in her husband's death. The trial court dismissed the case on the ground that Ingram had failed to comply with OCGA § 50-21-35 because she did not timely amend her complaint with a certificate showing that she had mailed a copy of the complaint to the Attorney General. Ingram appeals. For reasons set forth below, we vacate the judgment and remand the case to the trial court with direction.

OCGA § 50-21-35 governs matters of service of process and other notice requirements in civil actions brought against the state under the Georgia Tort Claims Act.[1] It requires, among other things, that the plaintiff effect the following: "A copy of the complaint, showing the date of filing, shall also be mailed to the Attorney General at his or her usual office address, by certified mail or statutory overnight delivery, return receipt requested and there shall be attached to the complaint a certificate that this requirement has been met."[2]

Ingram filed her complaint on July 25, 2003, days before the running of the statute of limitation. She served the DOT and the Risk Management Division of the Department of Administrative Services. Ingram mailed the Attorney General a copy of the complaint approximately two and one-half weeks after the statute expired. About two months after the statute expired, Ingram filed an amendment to her complaint certifying that a copy of the complaint had been so mailed.

---

[1] OCGA § 50-21-20 et seq.

[2] OCGA § 50-21-35.

In March 2006, the DOT moved to dismiss Ingram's case, pointing out that Ingram had mailed the Attorney General a copy of the complaint and filed the certification amendment after the limitation period had expired. The DOT argued that pursuant to the Supreme Court of Georgia's decision of *Camp v. Coweta County*,[3] the expiration of the limitation period barred Ingram's certification amendment; therefore, the amendment must be stricken; and without such amendment, Ingram's complaint was fatally defective under OCGA § 50-21-35.

The trial court agreed and granted the DOT's motion to dismiss. In so doing, it relied upon the following language in *Camp*:

> Because there are no specific proscriptions against amendments to cure a defect in the certification requirement under OCGA § 50-21-35, an amendment should generally be allowed prior to the entry of a pretrial order unless there is good reason to deny it, *such as where the statute of limitation has expired before the defect is cured.*[4]

In *Backensto v. Ga. Dept. of Transp.*,[5] we acknowledged that the emphasized language arguably supports the conclusion that a certification amendment filed after the expiration of the limitation period would be subject to a motion to strike. However, we determined that such a result would be inconsistent with the Civil Practice Act that permits a party to " 'amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order.' "[6] We further explained in *Backensto* that there is no need to resolve the apparent conflict between the Supreme Court's opinion and the Civil Practice Act because "the language emphasized above is nonbinding dicta. In *Camp* . . . , the plaintiff amended his complaint before the statute of limitation expired."[7] In *Backensto*, where the plaintiff amended the complaint after the statute of limitation expired, we held:

> [E]ven if a certification amendment could be properly stricken based upon the expiration of the statute of limitation alone, we do not believe the Supreme Court's opinion in *Camp* . . .

---

[3] 280 Ga. 199 (625 SE2d 759) (2006).
[4] Id. at 203 (3) (footnote omitted; emphasis supplied).
[5] 284 Ga. App. 41, 44 (643 SE2d 302) (2007).
[6] Id. (quoting OCGA § 9-11-15 (a)).
[7] Id.

should be construed to mean that the complaint must automatically be dismissed. Instead, . . . the defendant must demonstrate actual prejudice.[8]

In this case, the record contains no pretrial order.[9] And the dismissal order — which preceded *Backensto* — shows that the trial court did not consider whether the DOT had demonstrated actual prejudice. Instead, the trial court determined: "[B]ecause the statute of limitation[ ] had expired prior to [Ingram] amending her original complaint to correct the certification defect, in light of the *Camp* decision, the Court must conclude that [Ingram's] amended complaint is not permissible."

Under these circumstances, we must vacate the dismissal order and remand the case for proceedings not inconsistent with *Backensto*'s requirement that the defendant show actual prejudice.[10]

*Judgment vacated and case remanded with direction. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 29, 2007.

*Casey Gilson, George P. Shingler*, for appellant.

*Thurbert E. Baker, Attorney General, Claude M. Sitton, Assistant Attorney General*, for appellee.

---

[8] Id.

[9] Ingram's notice of appeal directed the trial court clerk to "omit nothing from the record on appeal."

[10] See *Backensto*, supra; see also *Shiver v. Dept. of Transp.*, 277 Ga. App. 616, 619 (627 SE2d 204) (2006).