A08A0637. BACKENSTO et al. v. GEORGIA DEPARTMENT OF TRANSPORTATION.
(661 SE2d 647)

SMITH, Presiding Judge.

Jami and Robert Backensto appeal from the trial court's order granting the motion to dismiss filed by the Georgia Department of Transportation (DOT), and striking the Backenstos' amended complaint. Because the Backenstos have failed to provide this court with a transcript of the hearing on the motion to dismiss, we must affirm.

This is the second appearance of this case before this court. In *Backensto v. Dept. of Transp.*, 284 Ga. App. 41 (643 SE2d 302) (2007), the Backenstos appealed from the trial court's grant of the DOT's motion to dismiss their complaint. The DOT had

> moved to dismiss the complaint on the ground that the Backenstos did not comply with OCGA § 50-21-35 because they failed to mail a copy of the complaint to the attorney general and attach a certificate to the complaint certifying that the mailing to the attorney general had occurred.

Id. The trial court granted the motion to dismiss based on notice grounds.[1] Id. at 42-43. We could not determine from the trial court's order, however, "whether it dismissed the complaint based on the conclusion that notice provided after the statute of limitation has expired is prejudicial as a matter of law, or whether it made an independent finding of prejudice." Id. at 44. We therefore remanded the case to the trial court with direction that the court "apply a standard of actual prejudice before dismissing the Backenstos' complaint for failing to comply with the requirements of OCGA § 50-21-35." Id.

Following remand, the trial court found that "independent and actual prejudice ha[d] occurred to the [DOT] due to the [Backenstos'] lack of timely notice and the failure to certify mailing of the original complaint to the attorney general" and ordered that the Backenstos' complaint be stricken. On appeal, the Backenstos once

---

[1] The trial court originally denied the motion to dismiss but reversed its ruling on motion for reconsideration following the Georgia Supreme Court's decision in *Camp v. Coweta County*, 280 Ga. 199 (625 SE2d 759) (2006).

again argue that the trial court erred in granting the DOT's motion to dismiss.

Just as in their first appeal to this court, the Backenstos have failed to provide a transcript of the hearing on the motion to dismiss. Their notice of appeal states that "[n]o transcript of evidence will be filed for inclusion in the record on appeal." As we noted in *Backensto*, the failure to "include an evidentiary transcript generally results in an appellate court affirming the trial court, because it cannot review the evidence upon which the trial court based its ruling and thus must assume that the evidence was sufficient to support it." Id. at 44, n. 4. The trial court's original order granting the motion to dismiss indicated that it received evidence during the hearing, and the court's order following remand states that it made a finding of actual prejudice "after review of the evidence and argument presented." Therefore, without a transcript of the hearing on the motion to dismiss, we must affirm the trial court's finding of actual prejudice in dismissing the Backenstos' complaint. See *Graham v. Haley*, 224 Ga. 498, 500 (3) (162 SE2d 346) (1968); *Giffen v. Burrell*, 176 Ga. App. 278, 279 (1) (335 SE2d 616) (1985).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED APRIL 24, 2008.

*Sherwood & Sherwood, H. Burke Sherwood*, for appellants.

*Thurbert E. Baker, Attorney General, Richard V. Merritt, Loretta L. Pinkston, Assistant Attorneys General*, for appellee.