**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 12, 2020**

# In the Court of Appeals of Georgia

A20A1694. ALI v. ESA MANAGEMENT, LLC.

COLVIN, Judge.

Kamruddin Ali appeals pro se from the trial court's order dismissing his lawsuit against ESA Management, LLC. In its order, the trial court granted ESA Management's motion to dismiss because Ali failed to exercise due diligence in perfecting service before the expiration of the statute of limitation. On appeal, Ali argues that the trial court failed to consider testimony and other evidence of his diligence in perfecting service and that ESA Management waived its defense to improper service. For the following reasons, we affirm.

Ali filed his pro se complaint against ESA Management on March 27, 2015, alleging negligence and unfair business practices. Ali does not dispute that the applicable statute of limitation ran on April 1, 2015. The complaint and summons

were received by the sheriff's department for service on March 31, 2015. Ali sent one email to the sheriff's department on April 9, 2015, to determine whether service had been made. The sheriff's department served ESA Management on April 20, 2015.

In its answer, ESA Management asserted that Ali's claims were barred by the statute of limitation. ESA Management subsequently filed its motion to dismiss, arguing that it was served beyond the statute of limitation and that Ali had failed to diligently effect service. The trial court heard argument from the parties on December 11, 2019, but the transcript of the hearing has not been included in the appellate record.

1. Ali argues that the trial court erred in its determination that he did not exercise diligence in effecting service on ESA Management. Specifically, Ali argues that the trial court failed to consider testimony of his attempts to contact the sheriff's department by telephone to determine whether service had been made. We disagree.

> Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service. The plaintiff has the burden of showing that due diligence was exercised. . . . [T]he determination of whether the plaintiff is guilty of laches in failing to exercise due

2

diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

(Citations and punctuation omitted.) *Cantin v. Justice*, 224 Ga. App 195, 196 (480 SE2d 250) (1997).

While the trial court's order suggests that the hearing on the motion to dismiss was not an evidentiary hearing, ESA Management's supplemental brief in support of its motion to dismiss confirms that the trial court "questioned [Ali] about what he did to effectuate service," and that Ali told the trial court that "he called and emailed the Sheriff's Office." But "the failure to include an evidentiary transcript generally results in an appellate court affirming the trial court, because it cannot review the evidence upon which the trial court based its ruling and thus must assume that the evidence was sufficient to support it." (Citation and punctuation omitted.) *Backensto v. Ga. Dept. of Transp.*, 291 Ga. App. 293, 294 (661 SE2d 647) (2008). Because Ali has not included the transcript of the motion to dismiss hearing in the appellate record, we must affirm the trial court's ruling. See id.

Even assuming that the hearing was not evidentiary, Ali has not shown that the trial court abused its discretion. The record shows that Ali contacted the sheriff's

department once in an email on April 9, 2015, to determine whether service had been made. Ali's email to the sheriff's department was sent eight days after the statute of limitation, and service was not effected until eleven days after Ali sent the email. Under these facts, we cannot say that the trial court abused its discretion in finding that Ali was not diligent in effecting service on ESA Management. See *Moore v. Wilkerson*, 283 Ga. App 340, 342-343 (641 SE2d 578) (2007) (no abuse of discretion in finding that plaintiff failed to exercise diligence when plaintiff had "unexplained lapses in attempting service" even though plaintiff showed that she made over 26 contacts with the sheriff's department and defendant's insurance company) (citation omitted).

2. Ali also argues that ESA Management waived its right to an insufficiency of service defense. ESA Management's motion to dismiss was based upon the expiration of the statute of limitation, a defense that ESA Management asserted in its answer. OCGA § 9-11-12 (b) (5). Therefore, Ali's claim lacks merit.

*Judgment affirmed. Reese, P. J., and Markle, J., concur*.

4